# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

SOUTH CAROLINA FREEDOM CAUCUS,

    *Plaintiff*,

v.

WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of the HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE,

    *Defendants*.

Civil Action No. 3:23-cv-00795-CMC

**COMPLAINT**

## INTRODUCTION

1. "[T]he First Amendment stands against attempts to disfavor certain subjects or viewpoints." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 (2010). It prohibits "restrictions distinguishing among different speakers, allowing speech by some but not others." *Id.*

2. Yet South Carolina law bans legislative caucuses formed by certain speakers from engaging in core political speech, even as it permits favored caucuses—those formed around party, race, or gender—to engage in that speech. That violates the First Amendment.

3. Legislative caucuses are groups of legislators formed around common goals or interests. Under South Carolina law, three types of favored legislative caucuses may campaign, raise money, and otherwise speak under the First Amendment: those based on political party, race, and gender.

4. All other legislative caucuses are banned from "engag[ing] in any activity that would influence the outcome of an election or ballot measure." S.C. Code Ann. § 2-17-10(21).

They cannot engage in core political speech, and they cannot raise money except for the narrowest of purposes—mailing expenses and certain conferences. If they speak, they are subject to criminal penalties.

5. This is a straightforward First Amendment violation. The House Republican Caucus may speak, while the Freedom Caucus may not. The House Democratic Caucus may speak, while the Progressive Caucus may not. The Black Caucus and the Women's Caucus may speak, while the Family Caucus, the Pride Caucus, and the Jewish Caucus may not.

6. Restricting speech "based on the specific motivating ideology or the opinion or perspective of the speaker" is "blatant[ly]" unconstitutional viewpoint discrimination. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 168 (2015) (cleaned up). Excluding a "political, economic, or social viewpoint" violates the First Amendment. *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 831 (1995); *see Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. Five*, 470 F.3d 1062, 1068 (4th Cir. 2006) (explaining that "it constitutes viewpoint discrimination" to bar certain "perspectives on otherwise permitted subjects").

7. South Carolina cannot show any compelling interest or narrowly tailored means sufficient to justify its viewpoint discrimination. There is no legitimate government interest in "the suppression of expression." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 624 (1984). And South Carolina is content to let favored caucuses speak, so it cannot claim that its law is necessary for any other substantial interest.

8. Because South Carolina's law discriminating against speakers violates the First and Fourteenth Amendments, the Court should declare it unconstitutional and enjoin its operation.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper under 28 U.S.C. § 1391 in that the events giving rise to this action occurred in the district and the Defendants reside here. *See* S.C. Code Ann. § 8-13-1374.

11. This Court can grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. 2201 (declaratory judgment) and 28 U.S.C. § 2202 (injunctive relief), as well as Rules 57 and 65 of the Federal Rules of Civil Procedure and the general legal and equitable powers of the Court.

12. This Court can award costs, including a reasonable attorney's fee, under 42 U.S.C. § 1988.

13. Plaintiff brings its federal constitutional claims under 42 U.S.C. § 1983.

## PARTIES

14. Plaintiff South Carolina Freedom Caucus is a legislative special interest caucus comprised of members of the South Carolina House of Representatives. The Caucus seeks to promote conservative principles like the rule of law and equal protection for all citizens under the law. The chairman of the Caucus is Rep. Adam Morgan, and the vice-chairman is Rep. RJ May.

15. The House of Representatives Legislative Ethics Committee is responsible for enforcing the laws at issue. It has statutory authority to handle ethics complaints and investigations of members of the House of Representatives. It may convene formal hearings and sanction members found to be in violation of the rules, including with public reprimands and recommendations for expulsion and criminal prosecution. *See* S.C. Code Ann. § 8-13-540; *id.* § 8-13-530; *Rainey v. Haley*, 745 S.E.2d 81, 83 & n.4 (S.C. 2013).

16. Defendant Wallace H. Jordan, Jr. is Chairman of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

3

17. Defendant J. David Weeks is Vice-Chairman of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

18. Defendant Beth E. Bernstein is Secretary of the House of Representatives Legislative Ethics Committee. She is sued in her official capacity.

19. Defendant Paula Rawl Calhoon is a member of the House of Representatives Legislative Ethics Committee. She is sued in her official capacity.

20. Defendant Micajah P. Caskey, IV is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

21. Defendant Neal A. Collins is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

22. Defendant John Richard C. King is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

23. Defendant Robby Robbins is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

24. Defendant J. Todd Rutherford is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

25. Defendant Leonidas E. Stavrinakis is a member of the House of Representatives Legislative Ethics Committee. He is sued in his official capacity.

**FACTS**

26. South Carolina law defines a "legislative caucus committee" as "a committee of either house of the General Assembly controlled by the caucus of a political party or a caucus based upon racial or ethnic affinity, or gender" or "a party or group of either house of the General Assembly based upon racial or ethnic affinity, or gender." S.C. Code Ann. § 2-17-10(11).

27. The definition specifically "does not include a 'legislative special interest caucus,'" *id.*, which "means two or more legislators who seek to be affiliated based upon a special interest." *Id.* § 2-17-10(21); *see also id.* § 8-13-1300(21).

28. A party-, race-, or gender-based caucus committee may raise money and engage in extensive political speech. Such caucuses may solicit and receive $3,500 from every person in the country. *Id.* §§ 8-13-1322, 8-13-1333, 8-13-1300. Party caucuses may give up to $50,000 directly to candidates, *id.* § 8-13-1316, and race- or gender-based caucuses can give up to $3,500 to a candidate, *id.* § 8-13-1314. These caucuses may also act as a clearinghouse for receiving and disbursing candidate funds. *Id.* § 8-13-1340. Only contributors who gave more than $100 in a cycle must be disclosed. *Id.* § 8-13-1360(A)(4). And caucus members can accept lodging, transportation, entertainment, food, and beverages by lobbyists' principals. *Id.* § 2-17-90(A)(1).

29. Special interest caucuses other than those based on party, race, or gender, by contrast, may not "engage in any activity that would influence the outcome of an election or ballot measure." *Id.* § 2-17-10(21). They may not "solicit contributions" except "for the limited purpose of defraying mailing expenses, including cost of materials and postage, and for members of the legislative special interest caucus to attend regional and national conferences." *Id.* § 8-13-1333(C)(1). (Permissible conferences are narrowly defined, as they must be "exclusively comprised of legislative special interest caucus counterparts," not "sponsored by any lobbying group," and not attended by "persons other than legislators." *Id.*) Along with the ban on soliciting contributions, South Carolina law also forbids special interest caucuses from "accept[ing] a gift, loan, or anything of value." *Id.* § 8-13-1333(C)(2). Nor may lobbyists offer them "contributions or any other type of funds or financial assistance." *Id.* § 2-17-110(J). And these caucuses seemingly

5

must disclose *all* "donation[s]" and "expenses," regardless of their value or cost. *Id.* § 8-13-1333(C)(1)(b), (c).

30.     In the words of both the House and Senate Legislative Ethics Committees, in advisory opinions warning members considering joining special interest caucuses, "[t]hese statutes specifically and expressly limit the activities of a legislative special interest caucus and its members." Senate Ethics Advisory Opinion 2016-1, p. 2; House Ethics Advisory Opinion 2017-13, p. 3. Favored caucuses, meanwhile, remain free to speak and engage in the political process.

31.     The House Legislative Ethics Committee enforce these rules with investigations, hearings, sanctions, and referrals for criminal prosecution. S.C. Code Ann. § 8-13-530. If the Committee finds that a violation has occurred, it may "administer a public reprimand," "require the respondent to pay a civil penalty," "recommend expulsion of the member," and refer for criminal prosecution. *Id.* § 8-13-540(D)(6); *see* S.C. House of Representatives Rule 4.16(F). A violation is a misdemeanor punishable by a one-year imprisonment and a fine. S.C. Code Ann. § 8-13-1520(A); *see id.* § 2-17-130. Violators are also subject to other fines administered by the Committee. *Id.* § 8-13-130.

32.     If not for these discriminatory laws and the threat of criminal penalties and other sanctions, the Freedom Caucus would speak on political issues, including elections and ballot measures. It would also solicit funds to enable speech on these issues. For instance, its members have recently subjected to misleading anonymous attacks, and the Caucus is unable to respond to those attacks—while the House Republican Caucus would be able to respond to similar attacks against its members.

33.     The Caucus would also be able to engage in more political speech if its small donors were not threatened with public disclosure. But because of South Carolina law, the Caucus and its

6

members risk investigation, reprimands, expulsion, and criminal prosecution if they speak in the same ways that favored legislative caucuses and their members speak.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of the First Amendment to the United States Constitution
### Free Speech Clause: Viewpoint and Content Discrimination

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Speech related to political issues and elections is protected by the First Amendment—as is the money that enables such speech. *See Citizens United*, 558 U.S. at 339.

36. "It is axiomatic" "that the government may not regulate speech based on its substantive content or the message it conveys." *Child Evangelism Fellowship*, 470 F.3d at 1067 (cleaned up).

37. South Carolina law, enforced by Defendants, discriminates based on viewpoint and content against protected speech.

38. South Carolina law permits certain groups of legislators—those based on party, race, or gender—to engage in core political speech protected by the First Amendment and accept and spend money respecting elections.

39. South Carolina law prohibits legislative groups based on other viewpoints—ideology, religion, or other interests—from engaging in speech about elections.

40. South Carolina law also prohibits disfavored groups from raising and spending money for political speech.

41. South Carolina has no compelling interest sufficient to justify its viewpoint- and content-based discrimination.

42. South Carolina law is not narrowly tailored to any compelling government interest or the least restrictive means of furthering such an interest.

43. Absent injunctive and declaratory relief, Plaintiff has been and will continue to be harmed.

## COUNT II

### Violation of the First Amendment to the United States Constitution
### Free Speech Clause: Discriminatory Disclosure

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Party-, race-, and gender-based caucuses must disclose only contributions who gave at least $100. But South Carolina law discriminates against disfavored special interest caucuses by subjecting all their supporters to public disclosure without any contribution floor.

46. Such public disclosure at minimal contribution levels discourages donors from supporting speech and significantly burdens protected speech.

47. This mandatory disclosure of even $1 is supported by neither compelling nor substantial government interests. And it is not narrowly tailored to promoting any such interest.

48. Absent injunctive and declaratory relief, Plaintiff has been and will continue to be harmed.

## COUNT III

### Violation of the Fourteenth Amendment to the United States Constitution
### Equal Protection Clause

49. Plaintiff incorporates by reference all preceding paragraphs.

50. The Equal Protection Clause of the Fourteenth Amendment mandates equal treatment without discrimination or preference.

51. This mandate of equal treatment protects associations as well as individuals.

52. South Carolina law suppresses speech based on its viewpoint and based on the speaker's membership in certain protected classes, including race or gender.

53. South Carolina has no compelling interest in such discrimination.

54. The law's discrimination is not narrowly tailored or the least restrictive means of furthering any compelling government interest.

55. South Carolina's suppression of disfavored speech is not rationally related to any legitimate government interest.

56. Absent injunctive and declaratory relief, Plaintiff has been and will continue to be harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court issue the following relief:

1. A declaratory judgment that South Carolina's discriminatory treatment of legislative special interest caucuses violates the United States Constitution;

2. An injunction requiring Defendants to treat legislative special interest caucuses the same as other legislative caucus committees;

3. Plaintiff's attorneys' fees and costs; and,

4. All other relief to which the Plaintiff may show itself to be entitled.

                Respectfully submitted,

                */s/ Christopher Mills*

| | |
|---|---|
| Gene P. Hamilton* | Christopher E. Mills (Fed. Bar No. 13432) |
| Reed D. Rubinstein* | SPERO LAW LLC |
| AMERICA FIRST LEGAL FOUNDATION | 557 East Bay St. #22251 |
| 300 Independence Ave. SE | Charleston, SC 29413 |
| Washington, DC 20003 | Tel: (843) 606-0640 |
| Tel: (202) 964-3721 | cmills@spero.law |
| reed.rubinstein@aflegal.org | |

*motion for admission
*pro hac vice* forthcoming

                *Counsel for Plaintiff*

February 28, 2023