**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS,<br>    *Plaintiff*,<br>v.<br>WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of the HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE,<br>    *Defendants*. | Civil Action No. 3:23-cv-00795-CMC<br><br>**DECLARATION OF REPRESENTATIVE ADAM M. MORGAN** |

I, Representative Adam M. Morgan, hereby declare as follows:

1. I am a member of the South Caroline House of Representatives, representing District 20 in Greenville County. I am over the age of 21 and am capable of making this unsworn declaration pursuant to 28 U.S.C. § 1746. I have not been convicted of a felony or crime involving dishonesty, and the facts contained herein are within my personal knowledge.

2. I am the chairman of the South Carolina Freedom Caucus, a legislative special interest caucus under South Carolina law that is comprised of members of the South Carolina House of Representatives. The Caucus seeks to promote conservative principles like the rule of law and equal protection for all citizens under the law, and it is organized around those principles. The vice-chairman of the Caucus is Representative RJ May.

3. As a legislative special interest caucus, the Freedom Caucus is statutorily banned from "engag[ing] in any activity that would influence the outcome of an election or ballot measure." S.C. Code Ann. § 2-17-10(21). South Carolina law broadly restricts the Caucus from soliciting contributions, with narrow exceptions for funding mailing

expenses and conferences. South Carolina law also restricts the Caucus from making expenditures that would influence the outcome of an election or ballot measure.

4. The House Ethics Committee enforces these statutory bans with investigations, hearings, public reprimands, civil penalties, referrals for criminal prosecution, and other sanctions.

5. If not for the onerous and discriminatory restrictions imposed by South Carolina law on legislative special interest caucuses, the Freedom Caucus would speak on political issues, including speech that may influence elections and ballot measures. The Freedom Caucus would also solicit contributions and make expenditures to support political speech. The Freedom Caucus would also make contributions supporting candidates or ballot measures.

6. These discriminatory laws—which are enforced by the Defendants—impose a present and ongoing chill on the Freedom Caucus's speech. For instance, in the last six weeks, Freedom Caucus members have been repeatedly subjected to misleading anonymous attacks, many sent via text message to the constituents of Caucus members. If not for South Carolina's bans on special interest caucus speech, expenditures, and contributions, the Freedom Caucus could and would more effectively respond to these attacks. But because South Carolina severely hampers the Caucus's right to speak (including soliciting support for its speech), the Freedom Caucus cannot mount an effective, coordinated response to the scurrilous attacks against its members. Nor can it engage in speech as to campaigns and candidates, which it would do but for South Carolina's ban.

7. Caucuses favored by state law—such as the House Republican Caucus—would be able to respond and more generally speak as a unit to such issues because party, race, and

gender caucuses are not subject to the bans imposed on the Freedom Caucus and other caucuses.

8. A judicial order enjoining enforcement by the Defendants of South Carolina's discriminatory restrictions on special interest caucuses would enable the Freedom Caucus to engage in effective political speech, and it would do so if such an order were entered in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___3/15/2023___ by

_____
Representative Adam M. Morgan

3