# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS, <br><br> *Plaintiff*, <br><br> v. <br><br> WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of THE HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE, <br><br> *Defendants*. | Civil Action No. 3:23-cv-00795-CMC <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee (collectively, "Defendants"), submit this response to Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion" or "Motion") [ECF No. 17]. Through their responsive pleading(s) to the Complaint, Defendants intend to deny Plaintiff is entitled to the purported relief sought in its Complaint. Because Plaintiff's Motion is patently premature and for all the additional reasons set forth herein, this Court should deny the Motion without prejudice or defer consideration of the Motion until Defendants have had the opportunity to conduct discovery and obtain facts essential to more fully support and justify their opposition to Plaintiff's Motion. In support of this Response, Defendant Wallace H. Jordan, Chairman of The

House of Representatives Legislative Ethics Committee, submits a declaration pursuant to Federal Rule of Civil Procedure 56(d), attached as **Exhibit A**.

## PROCEDURAL POSTURE

On February 28, 2023, Plaintiff filed its Complaint alleging that S.C. CODE ANN. § 2-17-10(21) and related sections violate Plaintiff's First and Fourteenth Amendment rights. *See* ECF No. 1. On March 6, 2023, Plaintiff's counsel granted a 21-day extension of time to file a responsive pleading to the Complaint. *See* March 6, 2023 e-mail from Christopher Mills, attached as **Exhibit B**. This extension made April 12, 2023 the new deadline for Defendants to respond to the Complaint.

On March 15, 2023, nearly a month before Defendants' operative deadline to file a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12 and obviously before any discovery had commenced, Plaintiff filed its Motion for Summary Judgment. In addition to a Memorandum of Law in Support of Plaintiff's Motion, Plaintiff submitted two declarations. The first is a declaration from its counsel, Christopher Mills, which included House Legislative Ethics Committee and Senate Ethics Committee Opinions, as well as a news article and a Tweet from Rep. Micajah P. Caskey, IV. *See* ECF No. 17-2. The second declaration is from Plaintiff's Chair, Rep. Adam M. Morgan. *See* ECF No. 17-3.

At the time Plaintiff filed its Motion, counsel for the parties had not conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) and the Court had not entered a Scheduling Order. As of the date of this filing, neither of these events has occurred and, therefore, no discovery has been taken in this case. In accordance with Federal Rule of Civil Procedure 26(d)(1), Defendants are constrained at this time to respond to the Plaintiff's Motion without the benefit of discovery because Defendants have not responded to the Complaint, this Court has not

issued its initial Scheduling Order, and the parties have not yet conferred as required by Rule 26(f). As such, at this time, Defendants do not have the ability to fully respond to the Motion.

## LEGAL STANDARDS

In general, "summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Discovery is usually essential in a contested proceeding prior to summary judgment because the "party asserting that a fact ... is genuinely disputed must support the assertion by," *inter alia*, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Clearly, "by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir.2007). Thus, "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to [the party's] opposition." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). As a result, Federal Rule of Civil Procedure 56(d) provides that a party who lacks the material facts required to respond to a summary judgment motion may file an "affidavit or declaration that, for specified reasons, [the party] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

In ruling on a Rule 56(d) challenge to a summary judgment motion, a district court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Relief under Rule 56(d) is "broadly favored and should be liberally granted because the rule is designed to

safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013) (*en banc*) (hereinafter "*Greater Baltimore Center*").

## LEGAL ARGUMENT

Plaintiff's Motion should be denied as premature because it denies Defendants essential discovery needed and disregards the Federal Rules of Civil Procedure. As noted earlier, Plaintiff filed its Motion without notice days after Plaintiff's counsel granted Defendants an extension to file a response to the Complaint. *See* **Exhibit B**. The premature filing of this Motion does not allow Defendants to explore discovery into "facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d). Such discovery is required prior to any ruling on Plaintiff's Motion and the Defendants must be allowed to discover from Plaintiff sufficient information essential to both support and inform their ultimate opposition to Plaintiff's Motion, as detailed in the attached Rule 56(d) Declaration. *See* Jordan Decl. ¶ 15. Therefore, the Court should deny Plaintiff's Motion without prejudice, or, in the alternative, defer consideration of the Motion to allow time for Defendants to take discovery.

These "essential" facts include, among other things, the facts surrounding Plaintiff's current speech and fundraising efforts, both of which are highly relevant for purposes of determining whether Plaintiff has standing to bring this suit. As discussed in Rep. Jordan's Declaration, Plaintiff was formed in April of last year through the State Freedom Caucus Network. *See* Jordan Decl. ¶ 4. The State Freedom Caucus Network advertises on its website that it "will help establish State Freedom Caucuses…and provide the high-level staff, strategy, and community conservatives need to take ground across the country" and hosts a website that solicits donations. *Id.* The degree to which the State Freedom Caucus Network provides Plaintiff staff and what activities that staff conducts are clearly relevant here and must be explored through discovery.

4

Plaintiff also maintains a Facebook page and a Twitter account, both of which are active to promote causes important to Plaintiff and to announce speaking engagements. *Id.* at ¶ 6. These social media platforms are used to engage in free speech, air Plaintiff's views, and discuss their activities as members of Plaintiff and in support of Plaintiff's objectives. *Id.* Plaintiff has also held numerous press conferences and participated in several speaking engagements. *Id.* at ¶¶ 7-8. These topics – Plaintiff's ability to exercise speech in person and on social media, Plaintiff's ability to fundraise, Plaintiff's paid staffing, and donations solicited on Plaintiff's behalf – are all among the areas that require further exploration through discovery to determine if Plaintiff is entitled to relief as plead in its Complaint.

In addition, there is a substantial question as to whether Plaintiff has standing to pursue its claims against Defendants. "To establish standing, a party must establish, as the irreducible constitutional minimum, three elements: (1) that it has suffered an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of, *i.e.* the injury is fairly traceable to the challenged action; and (3) that it is likely ... that the injury will be redressed by a favorable decision." *Star Sci. Inc. v. Beales*, 278 F.3d 339, 358 (4th Cir. 2002) (cleaned up); *see also* Jordan Decl. ¶¶ 16-17. These elements are not clear on the face of Plaintiff's Complaint, and therefore, require discovery to adequately determine.

Given the above, the following areas of discovery need to be conducted by Defendants for the purpose of learning facts essential to justify Defendants' opposition to the motion for summary judgment:

    A.    Whether Plaintiff has actually been damaged or suffered an injury in fact by virtue of the statutes identified in the Complaint. For example, discovery is needed to explore whether Plaintiff's speech

                and the speech of its members have been inhibited as alleged in the Complaint and if so, in what respects and by what means.

    B.    Whether any single member of Plaintiff has actually been damaged or suffered an injury in fact by virtue of the statutes identified in the Complaint. Discovery is needed to determine any individual member of the Freedom Caucus has been damaged as alleged in the Complaint. Defendants are entitled to require members of Plaintiff to testify under oath regarding their public statements and opportunities for speech, some of which are discussed above. If discovery answers this question in the negative, this evidence goes directly to the issue of standing.

    C.    Whether, even assuming an individual member of Plaintiff suffered an injury in fact, that injury was caused by any conduct of Defendants. To satisfy the requirements of standing, Plaintiff's alleged injury must be the direct result of conduct by Defendants and only discovery from Plaintiff and its members can reveal this.

    D.    Whether, even assuming Plaintiff and/or any of its individual members suffered an injury in fact as a result of any conduct by Defendants, a favorable decision will redress the injury. Defendants require discovery to determine, through testimony by Plaintiff's members, exactly what relief Plaintiff desires so that this Court can determine whether the redressability prong of standing is satisfied.

    E.    Whether the statutes at issue support sufficiently important government interests, including without limitation, preventing fraud, abuse by lobbyists and lobbying, and/or election abuse.

Jordan Decl. ¶18.

In a similar case where a city ordinance was facially challenged under the First and Fourteenth Amendments, the Fourth Circuit, sitting *en banc*,[1] vacated and remanded a district

---

[1] Multiple district courts iin the Fourth Circuit following *Greater Baltimore Center* and rejecting premature summary judgment. Among those cases are the following cases from this district: *ALPS Prop. & Cas. Ins. Co. v. Poteat L. Firm, LLC,* No. 3:21-CV-603-JFA, 2022 WL 18586760 (D.S.C. Feb. 17, 2022); *Jinks v. Sea Pines Resort, LLC*, No. 9:21-CV-00138-DCN, 2021 WL 2003189 (D.S.C. May 19, 2021); *Wolfe v. Churray*, No. CV 4:20-0244-SAL-TER, 2020 WL 6875829, at *3 (D.S.C. June 4, 2020), r*eport and recommendation adopted,* No. 4:20-CV-0244-JD-TER, 2021 WL 720441 (D.S.C. Feb. 24, 2021), as revised (Feb. 25, 2021); *Johnson v. Mabus*, No. CV 2:16-2073-RMG-KFM, 2017 WL 9250334, at *5 (D.S.C. June 1, 2017), *report and recommendation adopted*, No. CV 2:16-2073-RMG, 2017 WL 3037373 (D.S.C. July 18, 2017).

court grant of summary judgment because "the summary judgment decision was laden with error, in that the court denied the defendants essential discovery and otherwise disregarded basic rules of civil procedure." *Greater Baltimore Center*, 721 F.3d at 271. In that case, the plaintiff challenged a city ordinance, which stated that a "limited-service pregnancy center must provide its clients and potential clients with a disclaimer substantially to the effect that the center does not provide or make referral for abortion or birth-control services." *Id.* However, before the City of Baltimore answered the Complaint, and with several days remaining for it to do so, the plaintiffs filed a motion for partial summary judgment. *Id.* at 273. The plaintiffs supported their summary judgment motion with an affidavit of their executive director, purporting to corroborate several of the factual allegations in the Complaint. *Id.* Plaintiffs, in that case, sought judgment on their free speech, free assembly, and equal protection claims. *See id.*

The City opposed plaintiffs' motion for summary judgment, and included "pieces of evidence" from the Ordinance's legislative history, including a Congressional report, an investigative report, and written testimony.[2] *See id.* at 275-276. In addition, the City asserted that the plaintiffs' "summary judgment request was premature, in that the City had not been afforded the opportunity to conduct discovery or to fully develop expert testimony on key factual issues." *Id.* at 275. "The City contended that discovery was needed to test the veracity of the plaintiffs' allegations and to develop evidence tending to refute their claims." *Id.* In support of this argument, the City filed an affidavit pursuant to former Rule 56(f)[3] "identifying issues that required

---

[2] The City also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court converted to a cross motion for summary judgment because of the inclusion of such evidence.

[3] By amendment that took effect on December 1, 2010, former Rule 56(f) was carried forward into subdivision (d) "without any substantial changes." Fed. Prac. § 2740. Therefore, cases and treatises discussing now-Rule 56(d) before the 2010 amendment refer to the affidavit/declaration provision as Rule 56(f).

7

discovery." *Id.* at 275. The City's aforementioned affidavit stated that the City needed to "conduct discovery concerning the advertising that the [plaintiff] Center and other limited-service pregnancy centers employ, [to] demonstrate its deceptive character," "to develop factual support for [the City's] argument that the services offered by [the Center] are a form of commerce, and, therefore, the disclaimer required by the Ordinance is commercial speech," and "require[d] the opportunity to develop expert testimony to provide factual support for the propositions that deceptive advertising by limited-service pregnancy centers threatens public health in a variety of ways." *Id.* at 275-76. The City's affidavit also included mention of two potential expert witnesses, one of whom provided a brief declaration regarding the "public health goals" of the Ordinance. *Id.* at 276. The City indicated that this sort of information "was representative of evidence it sought to develop during discovery proceedings." *Id.*

The district court accepted the plaintiffs' arguments "that no discovery was warranted" and that the court could "very clearly rule as a facial matter," but the *en banc* Fourth Circuit disagreed and reversed. *Id.* at 276. The Fourth Circuit stated that "[c]hief among its errors was the district court's award of summary judgment to the [plaintiffs] without allowing the City any discovery." *Id.* at 280. The Fourth Circuit noted that the City took "the proper course" when it filed the Rule 56(f) Affidavit, "stating that it could not properly oppose ... summary judgment without a chance to conduct discovery." *Id.* at 281 (citing *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (cleaned up).

Writing for the *en banc* Court, Judge King's opinion noted that in the First Amendment context, there are two ways for a plaintiff to mount a facial challenge to a statute: (1) the plaintiff may demonstrate "that no set of circumstances exists under which [the law] would be valid, or that the [law] lacks any plainly legitimate sweep or (2) the plaintiff may show that the law is "overbroad

8

[because] a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at 282 (citing *United States v. Stevens*, 559 U.S. 460 (2010) (cleaned up)). However, the *en banc* Fourth Circuit noted that the district court did not conduct an analysis of "a substantial number of its applications," but rather "the district court merely accepted the [plaintiff's] description of itself, and then assumed that all limited-service pregnancy centers share the [plaintiff's] self-described characteristics." *Id.* The Fourth Circuit ruled that if the district court intended to conduct an as-applied analysis, "the court was obliged to first afford the City discovery." *Id.* Judge King went on to note that "regardless of the type of analysis utilized—facial[4] or as-applied—the court abused its discretion by failing to recognize and honor the City's right to discovery," holding that "the City was also entitled to discovery as a precursor to any true facial analysis" because "the district court could not properly evaluate the Ordinance's validity in all or most of its applications without evidence concerning the distinctive characteristics of Baltimore's various limited-service pregnancy centers." *Id.* (citing *Free Speech Coal., Inc. v. Att'y Gen. of the U.S.*, 677 F.3d 519, 538 (3d Cir. 2012) (concluding that the district court erred in dismissing a First Amendment facial claim without the factual record needed to "intelligently weigh the legitimate versus problematic applications of the [challenged statutes]"). Thus, the Fourth Circuit concluded that a grant of summary judgment, even on a facial challenge, "indefensibly den[ied] the City discovery." *Id.* at 283.

Plaintiff's Complaint and premature Motion present a similar procedural posture to *Greater Baltimore Center*. First, the Complaint raises both First and Fourteenth Amendment challenges.

---

[4] "With increasing frequency, the Supreme Court has expressed caution about determining the constitutionality of statutes in the context of facial challenges." *Richmond Med. Ctr. For Women v. Herring*, 570 F.3d 165, 171–72 (4th Cir. 2009) (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008) (noting that facial challenges rest on speculation, run contrary to the principles of judicial restraint, and threaten to short circuit the democratic process)).

Like the plaintiffs in *Greater Baltimore Center*, prior to the filing of a response to the Complaint or engaging in *any* discovery, Plaintiff here filed a premature Motion for Summary Judgment. As noted above, Plaintiff's counsel was on notice that Defendants intended to file a response and granted an extension of time to do so—then filed its premature Motion without notice. This procedural gamesmanship appears to be a blatant attempt to circumvent the entire discovery process and to deny Defendants the discovery to which they are entitled. As the *en banc* Fourth Circuit unequivocally held in *Greater Baltimore Center*, it would be indefensible to deny Defendants access to discovery to adequately oppose a grant of summary judgment in favor of Plaintiff. Rather than seek to change the statutes it challenges through the legislative process in which its members are direct participants, Plaintiff has chosen to sue in federal court – and Plaintiff further attempts to bypass this Court's regular, normal process and proceed immediately to its hoped-for judgment. Having chosen to bring a lawsuit, Plaintiff should not be allowed to skip discovery and its attempts to do so fly in the face of clear and binding Fourth Circuit precedent as detailed herein.

Further, Plaintiff here alleges that South Carolina law is "facially" discriminatory. ECF No. 17-1 at 9. However, Plaintiff has effectively engaged in the discovery process by including with its Motion a declaration from one of its members, a news article with statements from Rep. Caskey, and a Tweet from Rep. Caskey. *See* ECF No. 17-2 at 19-24; 17-3. By going outside the plain language of the statute, Plaintiff has converted any supposed facial challenge into an as-applied challenge, which clearly warrants discovery. *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449–50 (2008) ("In determining whether a law is facially invalid, [courts] must be careful not to go beyond the statute's facial requirements…"). Further, the statements and declaration included with Plaintiff's Motion are subject to further examination

in the discovery process. At this stage, there is clearly a genuine dispute as to several material facts.

In addition, even if the Court determines this to be a facial challenge, as noted above, the *en banc* Fourth Circuit has made it clear that Defendants are "entitled to discovery" and, in fact, have a "right to discovery." *Greater Baltimore Center*, 721 F.3d at 282. Without discovery, there is the risk of "premature interpretation of statutes on the basis of factually barebones records." *Sabri v. United States*, 541 U.S. 600, 609 (2004). As such, exercising judicial restraint in a facial challenge "frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in areas where their constitutional application might be cloudy." *United States v. Raines*, 362 U.S. 17, 22 (1960).

Finally, discovery will also allow the development of facts necessary to ensure that Plaintiff has standing to assert its claims. Indeed, "[c]laims of facial invalidity often rest on speculation." *Washington State Grange v. Washington State Republican Party*, 552 U.S. at 450. Therefore, courts must not "speculate about 'hypothetical' or 'imaginary' cases." *Id.* To protect against this, district courts may take "whatever steps may be necessary" to resolve standing, "including, if necessary, allowing discovery [because] discovery may be necessary to litigate standing." *Mgmt. Ass'n for Priv. Photogrammetric Surveyors v. United States*, 467 F. Supp. 2d 596, 602 (E.D. Va. 2006). For all of these reasons, discovery is necessary in this case and Plaintiff's premature Motion, which would deny Defendants the discovery to which they are entitled, should be denied.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment without prejudice, or in the alternative, defer considerations of the Motion to allow time for Defendants to take discovery. Defendants

respectfully request a hearing on Plaintiff's Motion and this Response. In the event the Court determines discovery is unnecessary, Defendants request an additional 14 days to respond to Plaintiff's Motion.

*[signature page follows]*

Respectfully submitted,

                s/ Susan P. McWilliams
Susan P. McWilliams (Fed. Bar No. 3351)
smcwilliams@nexsenpruet.com
Mark C. Moore (Fed. Bar No. 4956)
mmoore@nexsenpruet.com
Michael A. Parente (Fed. Bar No. 13358)
mparente@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900

*Counsel for Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee*

March 29, 2023
Columbia, South Carolina

13