# Exhibit A
*(Rep. Jordan Rule 56(d) Declaration)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS,<br><br>*Plaintiff,*<br><br>v.<br><br>WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of THE HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE,<br><br>*Defendants.* | Civil Action No. 3:23-cv-00795-CMC<br><br><br><br>**RULE 56(d) DECLARATION OF WALLACE H. JORDAN, JR.** |

WALLACE H. JORDAN, JR., pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, hereby declares the following to be true under penalty of perjury under 28 U.S.C. § 1746:

1. I am competent to testify to and have personal knowledge of the matters stated in this declaration. As to those matters stated on information and belief, I believe them to be true.

2. I am an attorney licensed by the Supreme Court of South Carolina. I reside in Florence, South Carolina. I was elected to the South Carolina House of Representatives in 2015 as a Representative for District 63, which encompasses the City of Florence, South Carolina. In my capacity as a Representative, I currently serve as Chair the Ethics Committee of the South Carolina House of Representatives ("the Ethics Committee").

3. I make this affidavit on behalf of myself and the members of the Ethics Committee, J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV,

1

Neil A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, each of whom has been sued individually in his/her official capacity (collectively "Defendants") in this matter.

4.      The Plaintiff South Carolina Freedom Caucus ("Plaintiff") is a legislative special interest caucus as defined under S.C. CODE ANN. ¶ 2-17-10(11).  Upon information and belief, Plaintiff was formed in April of last year through the State Freedom Caucus Network, which itself began in 2021 with the support of the U.S. House Freedom Caucus.  The State Freedom Caucus Network advertises on its website that it "will help establish State Freedom Caucuses…and provide the high-level staff, strategy, and community conservatives need to take ground across the country."  The State Freedom Caucus openly solicits donations on its publicly available website, www.statefreedomcaucus.org.  Immediately above the first link that facilitates online donations to the State Freedom Caucus, its website allows the viewer to clink on a link entitled "Your Representative."  If the viewer clicks on that link and then selects "South Carolina," the viewer is directed to a page showcasing Plaintiff, its members, and Plaintiff's personal official Facebook and/or Twitter pages/accounts, with links to each such account and/or page.

5.      On information and belief, Plaintiff's Vice Chair, Representative R. J. May of Lexington, has stated publicly in a March 15, 2023 interview with reporter Rachel Ripp with WLTX News 19 the following: a) that membership in Plaintiff is by invitation only and membership is offered only after 80% of Plaintiff's members vote to admit the prospective new member; b) the new member is in "transition" for a year before membership is official; and c) that Plaintiff meets as a group about three times a week in person and over zoom and Plaintiff's members are "increasingly involved in major debates."

6. Plaintiff maintains both a Facebook page and a Twitter account that are active and, among other things, allow Plaintiff and its members to state their views, to promote causes important to Plaintiff and its members and to announce speaking engagements by Plaintiff and its members. In addition, on information and belief, Plaintiff's members also use their own Facebook pages and/or Twitter accounts to engage in free speech and to air their views and discuss their activities as members of Plaintiff and in support of Plaintiff's objectives. On information and belief, Plaintiff has paid staff to maintain its Twitter account, the funds for which are provided through the State Freedom Caucus Network or otherwise.

7. During legislative sessions, Plaintiff and its members have held no less than four (4) press conferences on State House grounds, including three (3) press conferences during the current legislative session. The three most recent press conferences were held on January 31, 2033; February 8, 2023; and February 28, 2023, the latter of which was convened to announce the filing of Plaintiff's Complaint in this action. At each of these press conferences, Plaintiff's Chair Representative Adam Morgan and other members made comments to the media. Plaintiff and its members have also issued multiple "Statements" to the media and the public at large expressing the views and positions of Plaintiff and its members.

8. With respect to speaking engagements, a review of certain recent social media related to or by Plaintiff reveals the following:

    a. Representative Josiah Magnuson's Facebook page states that Representatives Adam Morgan, Josiah Magnuson, David O'Neal and Jay Kilmartin appeared and spoke as members of Plaintiff at the Fort Mill Oak Initiative on or about March 22, 2023.

    b. Per an announcement on Plaintiff's Twitter account, on the evening of March 28, 2023, Plaintiff and its members Representatives Adam Morgan,

3

      April Cromer, Josiah Magnuson, and Thomas Beach are to be guests of the Clemson College Republicans at Clemson University on the evening of March 28, 2023.

  c. Per the same article on Plaintiff's Twitter account, an additional guest who is expected to accompany Plaintiff and its members at that engagement is Evan Newman, the South Carolina state director for the State Freedom Caucus Network.

  9. Plaintiff filed its Complaint on February 28, 2023. Through a written agreement between Plaintiff's counsel and Defendants' counsel, a twenty-one (21) day extension, until April 12, 2023, was granted within which Defendants could file their response to the Complaint.

  10. In its Complaint, Plaintiff alleges in the first Count generally that South Carolina law discriminates against legislative groups based on their viewpoints and the content of their speech, in violation of the Free Speech Clause of the First Amendment to the Constitution. In the second Count of the Complaint, Plaintiff asserts that it has been harmed and will continue to be harmed by South Carolina law on the basis of alleged discrimination against special interest legislative caucuses by requiring that these caucuses disclose the identity of their donors. In the third Count, Plaintiff alleges that South Carolina law violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution in that it allegedly suppresses speech based on its viewpoint and based on the speaker's membership in certain protected classes, including race or gender.

  11. Plaintiff mentions 15 statutes in the Facts section of its Complaint (S.C. CODE ANN. §§ 2-17-10, -90, -110, -130, 8-13-130, -530, -540, -1300, -1314, -1316, -1322, -1333, -1340, -1360, -1520), concluding, "[i]f not for *these* discriminatory laws and the threat of criminal

4

penalties and other sanctions, the Freedom Caucus would speak on political issues, including elections and ballot measures," and to "solicit funds." Compl. ¶ 32 (emphasis added).

12.  In addition, in its Prayer for relief, Plaintiff requests "a declaratory judgment that South Carolina's discriminatory treatment of legislative special interest caucuses violates the United States Constitution," and "an injunction requiring Defendants to treat legislative special interest caucuses the same as other legislative caucus committees." Plaintiff does not specify what exactly is meant by "the same as," nor does it specify which laws or statutes in particular it seeks to enjoin.

13.  Plaintiff filed its Motion for Summary Judgment, with supporting declarations by Christopher Mills and Representative Adam Morgan, on March 16, 2023. Defendants' response to this Motion as set by the Court is March 29, 2023.

14.  Plaintiff filed its Motion despite the fact that a) Defendants have not yet filed their answer to the Complaint, which, pursuant to Plaintiff's agreement with Defendants; b) counsel for the parties have yet to conduct a discovery conference; c) a discovery scheduling order has yet to be filed by the Court; and d) the parties have yet to engage in discovery and are not permitted to do so until a discovery scheduling order is filed by the Court.

15.  Defendants intend through their responsive pleading(s) to the Complaint to deny Plaintiff is entitled to relief as plead in its Complaint. Defendants further submit that discovery will be required prior to any ruling on any Motion for Summary Judgment filed by Plaintiffs and the Defendants must be allowed to discover from Plaintiff sufficient information essential to both support and inform their ultimate opposition to Plaintiff's Motion.

16.  Specifically, it is my understanding that under the applicable case law, to satisfy the threshold requirements of standing, a plaintiff must satisfy three elements: (1) injury in fact,

(2) a causal connection between such injury and the conduct complained of, and (3) redressability.

17.     It is further my understanding that an "injury in fact" is one that is (a) concrete and particularized, and (b) actual or imminent. The second element is satisfied if the injury is fairly traceable to the defendant's challenged conduct, rather than being caused by the independent action of some third party not before the court. The third element, redressability, is satisfied where it is likely that the injury will be redressed by a favorable decision.

18.     I am informed and believe that Plaintiff and its members' speech has not been suppressed or curtailed by Defendants. The following areas of discovery need to be conducted by Defendants for the purpose of learning facts essential to justify Defendants' opposition to the motion for summary judgment:

        A.     Whether Plaintiff has actually been damaged or suffered an injury in fact by virtue of the statutes identified in the Complaint. For example, discovery is needed to explore whether Plaintiff's speech and the speech of its members have been inhibited as alleged in the Complaint and if so, in what respects and by what means.

        B.     Whether any single member of Plaintiff has actually been damaged or suffered an injury in fact by virtue of the statutes identified in the Complaint. Discovery is needed to determine any individual member of the Freedom Caucus has been damaged as alleged in the Complaint. Defendants are entitled to require members of Plaintiff to testify under oath regarding their public statements and opportunities for speech, some

    of which are discussed above. If discovery answers this question in the negative, this evidence goes directly to the issue of standing.

C. Whether, even assuming an individual member of Plaintiff suffered an injury in fact, that injury was caused by any conduct of Defendants. To satisfy the requirements of standing, Plaintiff's alleged injury must be the direct result of conduct by Defendants and only discovery from Plaintiff and its members can reveal this.

D. Whether, even assuming Plaintiff and/or any of its individual members suffered an injury in fact as a result of any conduct by Defendants, a favorable decision will redress the injury. Defendants require discovery to determine, through testimony by Plaintiff's members, exactly what relief Plaintiff desires so that this Court can determine whether the redressability prong of standing is satisfied.

E. Whether the statutes at issue support sufficiently important government interests, including without limitation, preventing fraud, abuse by lobbyists and lobbying, and/or election abuse.

Signed under penalty of perjury this 28 day of March, 2023.

                _____
                Wallace H. Jordan, Jr.