#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS,<br><br>*Plaintiff*,<br><br>v.<br><br>WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of THE HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE,<br><br>*Defendants*. | Civil Action No. 3:23-cv-00795-CMC<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee (collectively, "Defendants"), respectfully submit this Answer and Affirmative Defenses to the Complaint of Plaintiff South Carolina Freedom Caucus (hereinafter, "Plaintiff") [ECF No. 1].

Except as specifically admitted, modified, or explained in this Answer, Defendants deny all allegations in Plaintiff's Complaint and demand strict proof thereof. Headings in Plaintiff's Complaint are not factual allegations and accordingly require no response. To the extent a response is required, they are all denied.

As of the filing of this Answer, the parties have not engaged in any discovery. Plaintiff has prematurely moved for Summary Judgment. [ECF No. 17]. In response, Defendants raised Fed. R. Civ. P. Rule 56(d) as grounds for the Court to deny Plaintiff's Motion without prejudice because discovery was necessary [ECF No. 18], supported by the declaration of Defendant Wallace H. Jordan, Jr., Chair the Ethics Committee of the South Carolina House of Representatives [ECF No. 18-1]. Defendants also requested an additional fourteen (14) days to file a substantive response to the premature Motion for Summary Judgment in the Court determines that discovery is not necessary. [*See* ECF No. 18 at 11-12]. The Court has set a hearing on these issues for May 11, 2023. [ECF No. 19].[1]

As Rep. Jordan's declaration states, Defendants need to conduct discovery in a number of areas, including to determine whether Plaintiff has or any of its members have actually been damaged or suffered an injury in fact by virtue of the statutes identified in Plaintiff's Complaint, whether such injury was caused by any conduct of Defendants, whether a favorable decision will redress such injury, and whether the statutes at issue support sufficiently important government interests. [*See* ECF No. 18-1 at 6-7]. Without this discovery, Defendants cannot completely and accurately respond to the allegations in Plaintiff's Complaint or assert the appropriate affirmative defenses. As such, Defendants reserve the right to supplement this Answer and Affirmative Defenses upon substantial completion of discovery.

For their substantive response to the allegations of Plaintiff's Complaint, Defendants allege as follows:

---

[1] The ECF Notice indicates that the hearing set for May 11, 2023 is to address Plaintiff's Motion for Summary Judgment. However, given that Defendants have not yet filed a substantive response to the Motion for Summary Judgment, Defendants assume that the hearing on May 11, 2023 will address only the issue of whether discovery is necessary and whether the Plaintiff's Motion should be denied without prejudice at this stage.

**INTRODUCTION**

1. Paragraph 1 of the Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any First Amendment violation, but aver that the allegations in this Paragraph appear to contain accurate quotations of case law.

2. Paragraph 2 of the Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any First Amendment violation.

3. Paragraph 3 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any First Amendment violation.

4. Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that legislative special interest caucuses "cannot engage in core political speech."  Further responding to this Paragraph, upon information and belief, to be confirmed through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

5. Paragraph 5 of Plaintiff's Complaint Defendants contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that this is a "straightforward First Amendment violation" and Defendants deny any First Amendment violation.  Defendants also deny that any "Progressive Caucus," "Pride Caucus," or "Jewish Caucus" is registered as a legislative special interest caucus in the South Carolina House of Representatives.  Further responding to Paragraph 5 of Plaintiff's Complaint, Defendants admit

3

that the Family Caucus and Women's Caucus are registered as legislative special interest caucuses in the South Carolina House of Representatives.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any First Amendment violation, but aver that the allegations in this Paragraph appear to contain accurate quotations of case law.

7. Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of case law, however, Defendants deny all remaining allegations in this Paragraph and Defendants deny any First Amendment violation.

8. Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny all the allegations in this Paragraph.

## JURISDICTION AND VENUE

9. Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this Paragraph.

10. Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this Paragraph, except to the extent that Defendants admit that while all Defendants reside in this judicial district, all Defendants do not necessarily reside in this division.

11. Paragraph 11 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any grant of declaratory or injunctive relief.

12. Paragraph 12 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the award of any costs, including attorney's fees.

13. Paragraph 13 of Plaintiff's Complaint contains legal conclusions to which no response is required.

**PARTIES**

14. Responding to Paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, therefore, deny the same.

15. Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations in Paragraph 25 of Plaintiff's Complaint.

**FACTS**

26. Paragraph 26 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of South Carolina Code.

27. Paragraph 27 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of South Carolina Code.

28. Paragraph 28 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of South Carolina Code.

29. Paragraph 29 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of South Carolina Code.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of Advisory Opinions.

31. Paragraph 31 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of South Carolina Code.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, therefore, deny the same. Further responding to this Paragraph, upon information and belief, to be confirmed

through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

33. Paragraph 33 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, therefore, deny the same. Further responding to this Paragraph, upon information and belief, to be confirmed through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the First Amendment to the United States Constitution**
**Free Speech Clause: Viewpoint and Content Discrimination**

34. Responding to Paragraph 34 of Plaintiff's Complaint, Defendants incorporate by reference all preceding answers herein.

35. Paragraph 35 of Plaintiff's Complaint contains legal conclusions to which no response is required.

36. Paragraph 36 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in this Paragraph appear to contain accurate quotations of case law.

37. Paragraph 37 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

38.     Paragraph 38 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

39.     Paragraph 39 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph. Further responding to this Paragraph, upon information and belief, to be confirmed through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

40.     Paragraph 40 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph. Further responding to this Paragraph, upon information and belief, to be confirmed through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

41.     Paragraph 41 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

42.     Paragraph 42 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

43. Paragraph 43 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

### COUNT II

**Violation of the First Amendment to the United States Constitution
Free Speech Clause: Discriminatory Disclosure**

44. Responding to Paragraph 44 of Plaintiff's Complaint, Defendants incorporate by reference all preceding answers herein.

45. Paragraph 45 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

46. Paragraph 46 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

47. Paragraph 47 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

48. Paragraph 48 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## COUNT III

### Violation of the Fourteenth Amendment to the United States Constitution
### Equal Protection Clause

49. Responding to Paragraph 49 of Plaintiff's Complaint, Defendants incorporate by reference all preceding answers herein.

50. Paragraph 50 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any Fourteenth Amendment violation, but aver the allegations in this Paragraph appear to contain an accurate summary of constitutional provisions.

51. Paragraph 51 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any Fourteenth Amendment violation, but aver the allegations in this Paragraph appear to contain an accurate summary of constitutional provisions.

52. Paragraph 52 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

53. Paragraph 53 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

54. Paragraph 54 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

55. Paragraph 55 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

56. Paragraph 56 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph. Further responding to this Paragraph 56 of Plaintiff's Complaint, upon information and belief, to be confirmed through discovery, Plaintiff holds press conferences and speaking engagements, operates Facebook and Twitter pages maintained by paid staff, and benefits from donations solicited by the State Freedom Caucus Network.

## PRAYER FOR RELIEF

Responding to of Plaintiff's four prayers for relief in its Complaint, Defendants deny Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants expressly incorporate by reference their responses to the allegations set forth in Paragraphs 1-56 of the Complaint as if set forth verbatim herein and further set forth the affirmative defenses below. By pleading the following as affirmative defenses, Defendants do not concede that they bear the burden to establish the factual bases thereof and do not intend to shift the burden of proof under applicable law or otherwise to relieve Plaintiff of any burden to establish the elements of its *prima facie* case.

## FOR A FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing to bring these claims.

### FOR A THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's have not suffered any injury in fact.

### FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries are speculative, uncertain, and hypothetical.

### FOR A FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court cannot accord complete relief among existing parties.

### FOR A SIXTH DEFENSE

The Court cannot grant Plaintiff's requested relief without finding the statutes at issue to be unconstitutional; as the Act amending those statutes (2006 S.C. Act 344 (H.B. 3402)) does not contain a severability clause, the Court would be required to find the entire Act unconstitutional in order to grant Plaintiff any relief.

### FOR A SEVENTH DEFENSE

If this Court determines that strict scrutiny is the appropriate standard, which Defendants submit it is not, there are compelling state interests which justify the statutes in question and there are reasonable alternatives available for Plaintiff.

### RESERVATION OF FURTHER DEFENSES

Defendants may rely upon other applicable affirmative defenses of which they become

aware during discovery in this case and hereby reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully pray this Court for an Order holding that:

A)   Plaintiff is not entitled to anything from Defendants by virtue of the Complaint;

B)   Plaintiff is not entitled to any declaratory or injunctive relief;

C)   Plaintiff's claims should be dismissed in total with prejudice;

D)   Defendants are entitled to judgment in their favor;

E)   Defendants are entitled to an award of the costs of defending this suit; and

F)   Defendants are entitled to such other and further relief as the Court may deem just and proper.

*s/ Susan P. McWilliams*
Susan P. McWilliams (Fed. Bar No. 3351)
smcwilliams@maynardnexsen.com
Mark C. Moore (Fed. Bar No. 4956)
mmoore@maynardnexsen.com
Michael A. Parente (Fed. Bar No. 13358)
mparente@maynardnexsen.com
MAYNARD NEXSEN, PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900

*Counsel for Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee*

April 12, 2023
Columbia, South Carolina