AO 450 (SCD 04/2010)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS,<br>*Plaintiff*<br>v.<br>WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of the HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE,<br>*Defendants* | Civil Action No.   3:23-cv-00795-CMC |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

■ declaratory judgment is entered in favor of the plaintiff, South Carolina Freedom Caucus, as the portion of S.C. Code Ann. § 2-17-10(21) stating "under no circumstances may a legislative special interest caucus engage in any activity that would influence the outcome of an election or ballot measure" violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and is therefore unenforceable.

■ declaratory judgment is entered in favor of the plaintiff, South Carolina Freedom Caucus, as subsection (J) of S.C. Code Ann. § 2-17-110 stating "(J) A lobbyist, a lobbyist's principal, or a person acting on behalf of a lobbyist or a lobbyist's principal shall not offer or provide contributions or any other type of funds or financial assistance to a legislative special interest caucus as defined in Section 2-17-10(21)" violates the First Amendment to the United States Constitution to the extent it differs from statutes and rules applicable to what legislative caucuses as defined in § 2-17-10(11) may accept from lobbyist's principals.

■ declaratory judgment is entered in favor of the plaintiff, South Carolina Freedom Caucus, as those provisions of S.C. Code Ann. § 8-13-1333(C) stating "(C)(1) A legislative special interest caucus must not solicit contributions as defined in Section 8-13-100(9)"; "Under no circumstances may a legislative special interest caucus accept funds from a lobbyist"; "It must also maintain the following records, for not less than four years, which must be available to the appropriate supervisory office for inspection: (b) the name and address of each person or entity making a donation and the amount and date of receipt of each donation"; and "(C)(2) A legislative special interest caucus may not accept a gift, loan, or anything of value, except for funds permitted in subsection (C)(1) above", violate the First Amendment to the United States Constitution and are unenforceable to the extent they differ from statutes and rules applicable to legislative caucuses as defined in § 2-17-10(11).

■ the defendants, Wallace H. Jordan, Jr.; J. David Weeks; Beth E. Bernstein; Paula Rawl Calhoon; Micajah P. Caskey, IV; Neal A. Collins; John Richard C. King; Robby Robbins; J. Todd Rutherford; and Leonidas E. Stavrinakis, in their official capacities as members of the House of Representatives Legislative Ethics Committee, and their employees, agents, successors, and all others acting in concert or participating with them, shall be permanently enjoined from enforcing those provisions of the above referenced statutes.

This action was *(check one)*:

❒ tried by a jury, the Honorable _______________ presiding, and the jury has rendered a verdict.

❒ tried by the Honorable _____________ presiding, without a jury and the above decision was reached.

■ decided by the Court, the Honorable Cameron McGowan Currie, Senior US District Judge, presiding. The Court having heard and granted the plaintiff's motion for summary judgment..

Date: June 13, 2023

*ROBIN L. BLUME, CLERK OF COURT*

s/Charles L. Bruorton

*Signature of Clerk or Deputy Clerk*