# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS, <br> *Plaintiff*, <br><br> v. <br><br> WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of the HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE, <br><br> *Defendants*. | Civil Action No. 3:23-cv-00795-CMC <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

Gene P. Hamilton (*pro hac vice*)
Reed D. Rubinstein (*pro hac vice*)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. S.E. #231
Washington, DC 20003
Tel: (202) 964-3721
reed.rubinstein@aflegal.org

Christopher Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay St. #22251
Charleston, SC 29413
Tel: (843) 606-0640
cmills@spero.law

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

Background ............................................................................................................................. 1

Legal Standard ....................................................................................................................... 3

Argument ............................................................................................................................... 4

    I.   The Plaintiff is the prevailing party. ......................................................................... 4

    II.  The Plaintiff seeks reasonable fees and costs. ......................................................... 5

        A.   The Plaintiff's fee request is based on reasonable hours and rates. ............................ 5

        B.   The Plaintiff's expense request is reasonable. .......................................................... 10

Conclusion ........................................................................................................................... 11

As the prevailing party, the Plaintiff seeks recovery of its reasonable attorney's fees and expenses under 42 U.S.C. § 1988(b).

## BACKGROUND

As this Court's summary judgment order explained, "Plaintiff South Carolina Freedom Caucus is a legislative special interest caucus comprised of members of the South Carolina House of Representatives." ECF No. 40 ("SJ Order"), at 2. "The stated mission of the Caucus is to promote conservative principles like the rule of law and equal protection for all citizens." *Id.* "As a legislative special interest caucus, the Caucus is subject to certain speech limitations as well as limitations on donations, solicitations, accepting gifts, and expenses." *Id.* Alleging that these limitations violated the First and Fourteenth Amendments, the Plaintiff sued, "seek[ing] a declaratory judgment that South Carolina's statutes restricting legislative special interest caucuses violate the United States Constitution" and "to permanently enjoin the House Ethics Committee from enforcing challenged provisions of S.C. Code Ann. §§ 2-17-10(21), 8-13-1333(C), and 2-17-110(J)." *Id.*

About two weeks later, the Plaintiff moved for summary judgment. ECF No. 17. The Defendants responded, "arguing the summary judgment motion should be stayed pending discovery." SJ Order 1; *see* ECF No. 18. The Plaintiff replied, ECF No. 19, and then the parties filed supplemental papers on the merits of the Plaintiff's summary judgment motion, ECF Nos. 29, 33.

After a hearing, the Court granted summary judgment for the Plaintiff. On the Defendants' request for discovery, the Court held that "[n]one of the items on which Defendants seek discovery bears on the constitutionality of the challenged statutes, but instead Defendants seek to wade into the weeds of Plaintiff's formation and operation." SJ Order 13. Noting that "Defendants' argument

for discovery is primarily focused on standing," the Court found that "discovery is unnecessary to determine whether Plaintiff has standing to bring this constitutional challenge to the Ethics Act's treatment of special interest caucuses": "Plaintiff has shown it would engage in conduct protected by the First Amendment but also proscribed by the provisions of the Ethics Act it is challenging, and that there is a 'credible threat' that the Ethics Act will be enforced against it if it does so." *Id.* at 13, 17. Citing Fourth Circuit decisions, the Court said that "[b]inding precedent confers standing on one whose speech is facially restricted by the government." *Id.* at 17–18.

On the merits, the Court ruled for the Plaintiff on each of the three counts in its complaint. First, the Court held that strict scrutiny applies under the First Amendment's Free Speech Clause to South Carolina's ban on the Plaintiff's election-related speech, and that the ban cannot satisfy such scrutiny: "Whatever interests the State may have in preventing corruption or providing disclosure are evidently addressed by the legal regime that applies to legislative caucuses" formed around party, race, or gender. *Id.* at 25; *see id.* at 18–27. Second, the Court held that the law's complete disclosure requirement for special interest caucuses failed exacting scrutiny: "as above," the Defendants "make no attempt to explain the difference between the requirements for the different types of caucuses (legislative vs. special interest) and why transparency and the possibility of corruption require all donations for special interest caucuses to be reported while only those over $100 per quarter for legislative caucuses must be." *Id.* at 29. Third, the Court applied strict scrutiny to the ban under the Equal Protection Clause and concluded that it "violates equal protection and is unconstitutional." *Id.* at 31–32.

Having "found the challenged statutes violate the Constitution and are unenforceable," the Court further found that "issuance of a permanent injunction" is warranted. *Id.* at 34–35. Thus, the Court declared unconstitutional and enjoined the Defendants from enforcing the challenged

2

portions of S.C. Code Ann. § 2-17-10(21), § 2-17-110(J), and § 8-13-1333(C) to the extent those portions differ from the rules applicable to legislative caucuses. *Id.* at 35–37.

### LEGAL STANDARD

Under Section 1988, "[i]n any action or proceeding to enforce a provision of" 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Summers v. Adams*, No. CA3:08-2265-CMC, 2010 WL 2179571, at *2 (D.S.C. May 26, 2010) (Currie, J.) (quoting *Mercer v. Duke Univ.*, 401 F.3d 199, 203 (4th Cir. 2005)). "A fee award under § 1988 is not a sanction or punishment against a defendant, and a defendant's good faith defense of an unconstitutional state law does not disqualify a plaintiff from an award of attorney's fees." *Condon v. Wilson*, No. 2:14-cv-4010-RMG, 2015 WL 12862712, at *1 (D.S.C. Aug. 10, 2015).

Thus, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Summers*, 2010 WL 2179571, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). "Courts have universally recognized that the special circumstances exception is very narrowly limited." *Lefemine v. Wideman*, 758 F.3d 551, 555 (4th Cir. 2014) (cleaned up). "Such a rare, special circumstance would be where a 'plaintiff's success is purely technical or *de minimus*' or the plaintiff obtained 'only a Pyrrhic victory.'" *Condon*, 2015 WL 12862712, at *1 (quoting *Pitrolo v. Cty. of Buncombe*, 589 F. App'x 619, 630 (4th Cir. 2014)).

3

## ARGUMENT

**I. The Plaintiff is the prevailing party.**

The Plaintiff is the prevailing party here. The Court granted summary judgment in the Plaintiff's favor on all three counts in the complaint. SJ Order 18–32. It issued declaratory relief in the Plaintiff's favor. *Id.* at 35–36. And it issued a permanent injunction prohibiting the Defendants from enforcing the portions of the unconstitutional statutes identified by the Plaintiff's summary judgment motion, to the extent those portions discriminate against the Plaintiff. *Id.* at 37. This judgment allows the Plaintiff to engage in its speech unhindered by unconstitutional regulation or the threat of an enforcement action by the Defendants. Because the Court's decision "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," the Plaintiff is the prevailing party. *Summers*, 2010 WL 2179571, at *2; *see also Hensley*, 461 U.S. at 433 (plaintiffs are the prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit").[1] "Having fully prevailed, [the Plaintiff] should therefore be fully compensated for its legal expenses." *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (cleaned up).

---

[1] The Defendants seem to acknowledge that the Court's decision materially alters the legal relationship between the parties, even if they otherwise mischaracterize the decision. *See, e.g.*, Seanna Adcox, *SC Freedom Caucus Win in Federal Court Escalates Statehouse GOP Schism*, Post & Courier (June 13, 2023), https://tinyurl.com/44jsvu9a (Defendant Caskey stating that the Court's decision "blast[s] a hole in our ethics laws," allows special interest caucuses to "spend unlimited money," and lets a single member start a special interest caucus). Putting aside the Defendants' willful misreading of the Court's carefully tailored injunction, the Plaintiff cannot help but note that the Defendants' supposed concerns about "holes" in the State's ethics laws remain as "disingenuous" as ever: the "holes" for favored caucuses have existed from the start, and the State for over a decade has left "outside groups free to raise and spend funds to influence elections with no limits." SJ Order 23 n.14.

**II.     The Plaintiff seeks reasonable fees and costs.**

    **A.  The Plaintiff's fee request is based on reasonable hours and rates.**

"In addressing a motion for 'attorneys fees,' the 'court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Summers*, 2010 WL 2179571, at *2 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). "In determining the reasonable hours and rate, the court considers the twelve factors set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)." *Id.* Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44. To the extent relevant,[2] these factors support the Plaintiff's fee request.

The first factor is addressed here by the Plaintiff fulfilling the requirement that it "should submit evidence supporting the hours worked and the rates claimed." *Hensley*, 461 U.S. at 433; *see* Declaration of Christopher Mills ¶ 5, Ex. 2. The Plaintiff has produced detailed records of the hours counsel expended on this litigation. To establish the number of hours reasonably expended on the case, the fee applicant should exercise "billing judgment" in its request. *Rum Creek*, 31 F.3d at 175. "[C]ounsel for the prevailing party should make a good-faith effort to exclude from a fee

---

[2] The sixth "factor is not relevant to the award in this case because contingency multipliers may not be allowed in statutory fee cases." *Alexander S. By & Through Bowers v. Boyd*, 929 F. Supp. 925, 936 n.5 (D.S.C. 1995) (cleaned up), *aff'd sub nom.*, *Burnside v. Boyd*, 89 F.3d 827 (4th Cir. 1996). The eleventh factor also does not appear to be relevant here.

5

request hours that are excessive, redundant, or otherwise unnecessary," and the reviewing court should similarly exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. Here, the Plaintiff's counsel has exercised appropriate billing judgment so that the claimed time and expenses include only those which were reasonably expended on the case. Mills Decl. ¶¶ 5, 7. And "trial courts need not, and indeed should not, become green-eyeshade accountants": "[t]he essential goal in shifting fees" "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *id.* ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Moreover, the Plaintiff is not seeking fees for the work of Mr. Rubinstein and Mr. Hamilton, who both appeared *pro hac vice* in this action and provided litigation direction, oversight, and input. The Plaintiff litigated this case considerably more efficiently than many similar constitutional cases are litigated and is requesting fees for a single, in-state lawyer. *See* Mills Decl. ¶¶ 8–9; Declaration of Richard S. Dukes, Jr. ¶ 6; *compare, e.g.*, *Se. Booksellers Ass'n v. McMaster*, No. 2:02-3747-23, ECF No. 90, at 21–22 (D.S.C. Sept. 8, 2005) (Mills Decl., Ex. 6).

The fifth factor, the customary fee for such services, favors awarding fees at the rate requested by the Plaintiff. This determination looks both to the rates paid to comparable attorneys in similar circumstances and to the attorney's actual billing rate. *Rum Creek*, 31 F.3d at 175. A reasonable fee is based on a reasonable hourly rate commensurate with "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits," though the rates from other communities "may also be considered" when the counsel practices in other communities. *Rum Creek*, 31 F.3d at 175.

6

The Plaintiff requests a rate of $410 for Mr. Mills. The Plaintiff has submitted evidence, including attorney affidavits, "that the requested rate[] [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11; *see* Declaration of Miles Coleman ¶ 5; Dukes Decl. ¶ 5; *accord Gifford v. Horry Cnty. Police Dep't*, No. 4:16-cv-03136-MGL, 2023 WL 2696575, at *9 (D.S.C. Mar. 29, 2023) (finding, based in part on "the Court's own experience and knowledge of the market," that fees of $400–$450 for South Carolina attorneys "are reasonable").[3] Further, this rate is significantly less than what Mr. Mills charges to, and has been paid by, clients in ordinary litigation. Mills Decl. ¶ 6. And this rate is drastically lower than the rates commonly charged nationwide even for attorneys with less experience. *See id.*; *e.g.*, *Hill v. Schilling*, No. 3:07-cv-2020-L, 2022 WL 1321548, at *5 (N.D. Tex. May 3, 2022) (noting that a Winston & Strawn 2013 graduate's standard rate in 2022 in Dallas was $935 per hour); *InterVarsity Christian Fellowship/USA v. Univ. of Iowa*, No. 18-cv-80, ECF No. 101, at 2 n.1 (S.D. Iowa Nov. 18, 2021) (awarding fees of $759 and $914 for Becket principal attorneys) (available at https://tinyurl.com/yrzaxrwn); *see also* Mills Decl. ¶ 3 (noting counsel's nationwide practice).

The eighth factor (the results obtained) is easy: the Plaintiff's "complete litigation victory has benefitted" itself and other special interest legislative caucuses, and the Plaintiff's "success in

---

[3] *See also Protham-Sweetnam v. Kijakazi*, No. 21-cv-1296-PJG, 2022 WL 17094621, at *1 (D.S.C. Nov. 21, 2022) ("an hourly rate of $508.14 does not appear to be excessive"); *Martins v. Kijakazi*, No. 2:20-cv-03295-MGB, 2022 WL 10609520, at *2 (D.S.C. July 28, 2022) (reflecting an hourly rate of approximately $795 for Columbia attorney); *Back v. Hollywood Wholesale*, No. 18-CP-10-1046, 2018 S.C. C.P. LEXIS 49, at *19 (S.C. Ct. of Common Pleas Sept. 7, 2018) ("I find the fee of $390.00 per hour to be within the range of fees charged for similar cases."). In 1995, Judge Anderson collected many cases in which "[h]ourly rates of $250.00 or more have been approved and awarded in this district." *Alexander*, 929 F. Supp. at 937. $250 in November 1995 dollars is about $495 in present dollars. *See* CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm; *see also Gifford*, 2023 WL 2696575, at *10 (relying on the federal Department of Labor's inflation calculator).

7

this litigation weighs heavily in favor of a reasonable attorney fee award." *Condon*, 2015 WL 12862712, at \*4.

The second, third, and ninth factors deal with the difficulty of the questions presented and the skills necessary to prosecute the case. The constitutional issues involved here were significant and are matters of heated debate, not only in the courts but elsewhere in the political system. No precedent appears to have dealt with a legal scheme exactly like that at issue. The issues involved require a high degree of skill and implicate the Plaintiff's counsel's unique qualifications. Mr. Mills has an extensive background in First Amendment and constitutional litigation. *See* Mills Decl. ¶ 2, Ex. 1. "In addition, [the Plaintiff's] counsel were opposed by equally skillful and well-prepared attorneys representing defendants." *Alexander*, 929 F. Supp. at 936. The Defendants' discovery demand and challenge to the Plaintiff's standing necessarily increased the legal research and briefing required on behalf of the Plaintiff. All these facts support a fee award. *Cf. W.S. v. Daniels*, No. 8:16-cv-01032-DCC, 2019 WL 5448374, at \*6 (D.S.C. Oct. 24, 2019) ("This case involved adjudication of constitutional issues and required a higher level of legal skill."), *aff'd in relevant part*, No. 19-2348, 2022 WL 621785 (4th Cir. Mar. 3, 2022).

The seventh factor is the time limitations imposed by the circumstances. Here, the Plaintiff sought to litigate this case quickly because it was suffering an ongoing denial of its constitutional rights of speech, association, and equal protection. Thus, the Plaintiff's counsel needed to devote substantial efforts to briefing this case, to the exclusion of other cases and opportunities. *See* Mills Decl. ¶ 11. Ultimately, that briefing considerably shortened the case—and reduced the fees that would be accumulated—by negating the discovery sought by the Defendants.[4]

---

[4] The Plaintiff notes that under circuit precedent, the fact "that taxpayers [might] be required ultimately to pay the fees" is "an improper ground for denying or reducing an attorney's fee to the

8

On the fourth and tenth factors, related to opportunity costs and undesirability of the case (and along with the preceding explanation), it is a matter of public record that the Plaintiff has its share of disagreements with many in power. *See, e.g.*, ECF No. 19, at 7 n.3; ECF No. 29, at 23 n.5. Needless to say, established law firms in South Carolina are not lining up to represent the Plaintiff on this issue of public controversy. And representing the Plaintiff likely scared away some of the Plaintiff's counsel's potential clients. *See* Mills Decl. ¶ 10. Plus, "[n]ecessarily, participation in these court proceedings has denied [the Plaintiff's] counsel the opportunity to work on other fee-producing cases." *Alexander*, 929 F. Supp. at 936.

On the twelfth factor, fees in similar cases, the fees requested here are well within the bounds of reasonableness. Though there are few exact comparators, in *Perry v. Bartlett*, the Eastern District of North Carolina awarded $76,731.25 in attorney's fees for a similar First Amendment challenge decided without discovery on a motion for summary judgment. No. 2:98-cv-43-BR(2), ECF No. 62 (E.D.N.C. July 27, 1999) (Mills Decl., Ex. 4); *see also id.*, ECF No. 28 (E.D.N.C. Sept. 24, 1998) (reflecting that no discovery occurred) (Mills Decl., Ex. 5). In today's dollars, that amount is about $139,988. *See* CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm. Other cases also reflect far higher fees in similar constitutional cases. *E.g.*, *Nat'l Black Police Ass'n v. District of Columbia*, 168 F.3d 525, 528–31 (D.C. Cir. 1999) (awarding $619,831.87 in attorneys' fees for § 1983 challenge against city ordinance establishing contribution limits to candidates, even though judgment was ultimately vacated on appeal when the ordinance was repealed); *Summers*, 2010 WL 2179571, at *1, *3 (awarding request for

---

prevailing party under 42 U.S.C. § 1988." *Rum Creek*, 31 F.3d at 180. And issuing an award against these Defendants, in their official capacities, would "encourage[] [them] to independently evaluate their position in litigation, rather than blindly assuming an obligation to defend legislation." *Summers*, 2010 WL 2179571, at *7.

9

$178,589.25 for attorney's fees for merits of Establishment Clause challenge to statute authorizing "I Believe" license plate); *Se. Booksellers Ass'n v. McMaster*, No. 2:02-3747-23, ECF No. 90 (D.S.C. Sept. 8, 2005) (Mills Decl., Ex. 6) (awarding $405,485.61 in attorney's fees for a First Amendment challenge to a statute criminalizing the dissemination of certain explicit material over the internet).

Last, "there is a strong presumption that the lodestar figure is reasonable." *Summers*, 2010 WL 2179571, at *2. No apparent reason supports departing from the lodestar figure here. As discussed, the Plaintiff achieved a complete victory on all three claims. Thus, there is no need to "subtract fees for hours spent on unsuccessful claims" or award only a "percentage of the remaining amount, depending on the degree of success." *Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 237 (4th Cir. 2014) (cleaned up).

### B. The Plaintiff's expense request is reasonable.

"A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Summers*, 2010 WL 2179571, at *4 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). Filing fees, copying costs, and similar expenses "are recoverable under Section 1988." *Id.* at *5. Travel expenses "to appear before the court" are also recoverable. *Id.* And "[f]ees for service of process" are both recoverable under § 1988 and indeed "taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." *Id.* at *4 n.6. These categories cover all the expenses requested by the Plaintiff, all of which are reasonable. *See* Mills Decl. ¶ 12, Ex. 3. Thus, the Plaintiff should be awarded $1,882.57 in expenses.

**CONCLUSION**

For these reasons, the motion should be granted and the Plaintiff awarded attorney's fees of $57,031 and expenses of $1,882.57, for a total of $58,913.57. These figures reflect work through the preparation of this motion; to the extent that further litigation is necessary on this motion or otherwise in this case, the Plaintiff requests the opportunity to supplement the hours and costs accounting as necessary.

Respectfully submitted,

/s/ Christopher Mills

Gene P. Hamilton (*pro hac vice*)
Reed D. Rubinstein (*pro hac vice*)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. S.E. #231
Washington, DC 20003
Tel: (202) 964-3721
reed.rubinstein@aflegal.org

Christopher Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay St. #22251
Charleston, SC 29413
Tel: (843) 606-0640
cmills@spero.law

*Counsel for Plaintiff*

June 27, 2023

11