# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS, | |
| *Plaintiff*, | Civil Action No. 3:23-cv-00795-CMC |
| v. | |
| WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of THE HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE, | **DEFENDANTS' RESPONSE TO MOTION FOR ATTORNEY'S FEES AND EXPENSES** |
| *Defendants*. | |

Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee (collectively, "Defendants" or "Ethics Committee") respectfully respond to the Plaintiff's Motion for Attorney's Fees and Expenses (ECF No. 42) ("Fee Motion").

While Defendants are constrained to respond within the time allowed by Local Rule 7.06, D.S.C., Defendants note that they have just filed a Motion to Alter or Amend Judgment (or, in the alternative, to Clarify), *see* ECF No. 43, the Court's Order Granting Plaintiff summary judgment (ECF Nos. 40 and 41). Because that Motion addresses the ultimate relief to be granted in this case, it potentially impacts the analysis set forth herein concerning an award of attorney's fees. Therefore, Defendants respectfully request that the Court defer any decision on attorney's fees

until after the resolution of the Motion to Alter or Amend. *See Kirkeby v. Furness*, 905 F. Supp. 727, 728 (D.N.D. 1995) (explaining that a district court is not in a position to award attorney's fees until the underlying issues are "finally resolved."); *see also McGuire v. Murphy,* 285 F. Supp. 3d 1272, 1277 (M.D. Ala. 2018).

## LEGAL STANDARD

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983)). In an action brought pursuant to 42 U.S.C. § 1983, "the court, *in its discretion, may* allow the prevailing party…a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (emphasis added).

Assuming *arguendo* that fees should be awarded, the starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate. *See Hensley,* 461 U.S. at 433. However, a court awarding fees under § 1988 must attempt to separate the compensable work from non-compensable work. *See Moses Enterprises, LLC v. Lexington Ins. Co.,* 66 F.4th 523, 529 (4th Cir. 2023). In assessing the compensable work for which attorney's fees may reasonably be awarded, a court must consider "the degree of the plaintiff's overall success." *Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d 92, 97 (4th Cir. 1993) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). As the Supreme Court has recognized:

> In complex civil rights litigation, the plaintiff often may succeed in identifying some unlawful practices or conditions, but the range of possible success is vast, and the achievement of prevailing party status alone may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.

2

*Texas State Teachers. Ass'n v. Garland Indep. Sch. Dist.*, 498 U.S. 782, 789 (1989) (cleaned up). The Court went on to explain that when faced with such cases, "the district courts should exercise their equitable discretion . . . to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Id.* at 790.

For example, if a party is not successful on all claims, "the number of hours may be adjusted downward," and the "number of hours must obviously be adjusted to delete duplicative or unrelated hours." *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). Further, if a plaintiff's successful claims "encompassed 'distinctly different . . . facts and legal theories,' from the claims on which the plaintiff lost, the 'work on [the] unsuccessful claim[s] cannot be deemed to have been expended in pursuit of the ultimate result achieved.'" *Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d at 97 (quoting *Hensley v. Eckerhart*, 461 U.S. at 434). In the end, the number of hours must be reasonable and must represent the product of "billing judgment." *Hensley v. Eckerhart,* 461 U.S. at 437.

## ARGUMENTS

### I. Plaintiff did not prevail on all arguments, so the hours should be adjusted downward.

Plaintiff, a group of legislators, retained counsel and brought a challenge in federal court to certain South Carolina statutes governing legislative special interest caucuses. No member of Plaintiff sought to introduce legislation to attempt to amend or rectify those statutes. Plaintiff instead voluntarily incurred legal fees by electing for a judicial, rather than a legislative, fix.

While the Court granted Plaintiff summary judgment, Plaintiff did not prevail on all of their arguments. Therefore, the attorney's fees for time spent researching and drafting those arguments should not be included in the compensable fees. *See, e.g., Texas State Teachers. Ass'n*

*v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989) ("the degree of [Plaintiff's] success in relation to the other goals of the lawsuit," does not support the amount of fees requested).

Plaintiff's Complaint sought, in the prayer for relief, "declaratory judgment that South Carolina's discriminatory treatment of legislative special interest caucuses violates the United States Constitution," as well as an "injunction requiring Defendants to treat legislative special interest caucuses the same as other legislative caucus committees." Compl., ECF No. 1 at 9. The Court indicated that "[s]uch a request goes too far" and would essentially "require the court to not just rewrite but decree what unspecified statutes should apply to Plaintiff." ECF No. 40 at 33-34. There remain substantial questions as to whether Plaintiff prevailed on the underlying constitutional challenges because the Court only found certain portions of the challenged statutes to be unconstitutional and some only to the extent they differed from the rules and statutes applicable to legislative caucuses. *See* ECF No. 43.

Therefore, Plaintiff did not receive the exact remedies it sought and did not prevail on all its claims for the purposes of recouping attorney's fees. As such, the district court "must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones,'" and only "award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Hudson v. Pittsylvania Cnty., Va.*, 774 F.3d 231, 237 (4th Cir. 2014) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)); *see also Doe v. Kidd*, 656 F. App'x 643, 652 (4th Cir. 2016).

II.   **Not all time entries and expenses are compensable.**

In addition, not all the time and expenses for which Plaintiff seeks compensation are in fact compensable. For one, the hours spent following the issuance of the Court's Order should not be included in compensable fees. The Court issued the Order Granting Summary Judgment on June

4

13, 2023. According to the time entries submitted, there are 31.3 hours spent on or after that date. *See* ECF No. 42-2 at 9. Because these time entries occurred after the entry of the Court's Order and deal with research and drafting of the Fee Motion, as well unidentified "remedial issues," these entries are not compensable. *Id.*

The Fourth Circuit has upheld a district court's order substantially reducing the attorney's fees requested by the prevailing plaintiffs in a § 1983 action specifically for work done *after relief was granted* by the district court. *See Tobin v. Town of North Beach,* No. 87-2560, 1989 WL 2137, at *1 (4th Cir. Mar. 6, 1989). In that case, the district court found in favor of plaintiffs and granted an injunction order based on Fourteenth Amendment equal protection grounds. *Id.* However, the court disallowed attorney's fees for more than forty percent of the hours claimed by plaintiffs and set the hourly rate at $60.00 as opposed to the $100.00 requested. *Id.* at *2. More specifically, the court denied fees "for virtually all of the hours expended by [plaintiffs'] lawyer **after the injunction was granted**" because the majority of those hours "involved either matters on which the plaintiffs did not prevail . . . or activities which were unrelated to the litigation." *Id.* In addition, with respect to the fees claimed for time spent on the fee issue itself, the district court allowed only a quarter of the hours sought and decreased the fee from eight hours to only two hours that were compensable. *See id.* The Fourth Circuit affirmed the district court's finding that "fee requests for post-injunction activities" were "not reasonably spent on the litigation." *Id.*

Moreover, the expenses for serving the defendants and those related to the motions for admission *pro hac vice* were unnecessary. First, Plaintiff's counsel is aware that the House of Representatives has a general counsel who could have (and would have) accepted service on behalf of House members. Therefore, the personal service via process server was unnecessary and the 0.5 hours and $530 in expenses should not be compensated. Similarly, the two motions for admission

5

*pro hac vice* were unnecessary. The two attorneys who were admitted *pro hac vice* did not file any motions or appear in court in this matter. Moreover, Plaintiff is not seeking fees for these two attorneys. *See* ECF No. 42-1 at 8. Therefore, the associated time (0.6 hours, *see* ECF No. 42-2 at 8) and fees ($700, *see id.* at 11) should not be compensated.

Finally, while Plaintiff's counsel acknowledges that he does not employ an assistant or paralegal to aim to reduce overhead costs (*see* ECF No. 42-2 at 3), Plaintiff's counsel seeks compensation for work, including filing, editing, and related preparation, which could have been completed by a paralegal, assistant, or an associate at a lower rate. Courts have recognized as such:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*See Rivers v. Ledford*, 666 F. Supp. 2d 603, 607 (E.D.N.C. 2009) (quoting *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989)). As such, these time entries should only be compensated at a market rate for paralegals or legal assistants. Similarly, research and drafting could have been aided or substantially accomplished by an associate attorney at a lower market rate.

## CONCLUSION

The Ethics Committee respectfully requests the Court defer any ruling on the Fee Motion until after a final resolution of this case. At such a time, the Ethics Committee respectfully requests the Court take these arguments into account when determining an award of reasonable attorney's fees and accordingly exercise its discretion to reduce any amount granted to Plaintiff.

*[signature page follows]*

Respectfully submitted,

        s/ *Mark C. Moore*
Mark C. Moore (Fed. Bar No. 4956)
mmoore@maynardnexsen.com
Susan P. McWilliams (Fed. Bar No. 3351)
smcwilliams@maynardnexsen.com
Michael A. Parente (Fed. Bar No. 13358)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900

*Counsel for Defendants Wallace H. Jordan, Jr., J. David Weeks, Beth E. Bernstein, Paula Rawl Calhoon, Micajah P. Caskey, IV, Neal A. Collins, John Richard C. King, Robby Robbins, J. Todd Rutherford, and Leonidas E. Stavrinakis, in their official capacities as members of The House of Representatives Legislative Ethics Committee*

July 11, 2023
Columbia, South Carolina