# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA FREEDOM CAUCUS, *Plaintiff*, v. WALLACE H. JORDAN, JR., J. DAVID WEEKS, BETH E. BERNSTEIN, PAULA RAWL CALHOON, MICAJAH P. CASKEY, IV, NEAL A. COLLINS, JOHN RICHARD C. KING, ROBBY ROBBINS, J. TODD RUTHERFORD, AND LEONIDAS E. STAVRINAKIS, in their official capacities as members of the HOUSE OF REPRESENTATIVES LEGISLATIVE ETHICS COMMITTEE, *Defendants*. | Civil Action No. 3:23-cv-00795-CMC<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

Gene P. Hamilton (*pro hac vice*)
Reed D. Rubinstein (*pro hac vice*)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. S.E. #231
Washington, DC 20003
Tel: (202) 964-3721
reed.rubinstein@aflegal.org

Christopher Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay St. #22251
Charleston, SC 29413
Tel: (843) 606-0640
cmills@spero.law

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

Introduction .................................................................................................................................. 1

Argument ..................................................................................................................................... 1

    I.    The Plaintiff achieved a complete victory. ........................................................................ 1

    II.   The Defendants' time and expense quibbles are meritless. ................................................ 3

Conclusion ................................................................................................................................... 7

**INTRODUCTION**

The Defendants do not dispute most of the points supporting a full award of attorney's fees and expenses to the Plaintiff here. They do not dispute that:

1. "[A] prevailing plaintiff should ordinarily recover an attorney's fee" under § 1988. *Summers v. Adams*, No. CA3:08-2265-CMC, 2010 WL 2179571, at *2 (D.S.C. May 26, 2010); *see Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (same);

2. The Plaintiff is the prevailing party and should be awarded fees;

3. The Court granted the Plaintiff judgment on all counts in its complaint and enjoined the enforcement of the provisions identified by the Plaintiff's summary judgment motion;

4. The rate sought by the Plaintiff's counsel is reasonable; or,

5. Practically all the *Barber* factors (which the Defendants inexplicably ignore) support a full award of fees and expenses.

The Defendants' remaining quibbles are meritless.

**ARGUMENT**

**I. The Plaintiff achieved a complete victory.**

First, the Defendants argue that "Plaintiff did not prevail on all arguments, so the hours should be adjusted downward." Response (ECF No. 44) 3. The Defendants' theory seems to be that because the Court did not adopt the complaint's "exact" articulation of the injunctive relief, the Plaintiff partially lost. *Id.* at 4. Nonsense. The Defendants cite no precedent holding that only a § 1983 plaintiff who receives every jot and tittle from the complaint's prayer for relief may recover full fees. No surprise, given that the Supreme Court rejected such an approach 40 years ago: "the district court should focus on the significance of the overall relief obtained by the

plaintiff," and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. The Court continued:

> Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* (citation omitted); *see id.* at 431 ("It also is not legally relevant that plaintiffs' counsel expended a certain limited amount of time pursuing certain issues of fact and law that ultimately did not become litigated issues in the case or upon which plaintiffs ultimately did not prevail."); *see also Plyler v. Evatt*, 902 F.2d 273, 280 (4th Cir. 1990) ("The Supreme Court has directed district courts not to draw overly fine distinctions in making this determination."). Following the Supreme Court's lead, courts do not split hairs by considering the "success" of every sub-argument. Rather, because the success of a plaintiff's *claims* determines the success of the case, claims are the smallest component part of a legal argument that courts consider. *See, e.g.*, *Hensley*, 461 U.S. at 435; *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174–75 (4th Cir. 1994); *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013); *Moses Enterprises, LLC v. Lexington Ins. Co.*, 66 F.4th 523, 529 (4th Cir. 2023). This binding precedent forecloses the Defendants' theory and confirms the propriety of granting the Plaintiff full fees and expenses.

The Defendants rely on a case saying that courts should "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Response 4 (quoting *Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 237 (4th Cir. 2014)). Again, the Plaintiff had no "unsuccessful claims." The Court entered judgment in the Plaintiff's favor on all three of its claims. SJ Order (ECF No. 40) 18–32. And the Plaintiff specifically identified three statutory provisions that were problematic in

2

its motion for summary judgment (ECF No. 17, at 2)—and those were the same three statutory provisions that the Court declared unconstitutional and enjoined the Defendants from enforcing, SJ Order 35–37; *see also* 5/11/23 Hearing Transcript (ECF No. 39) 11:22–24 (Plaintiff's counsel: "If the Court is inclined to . . . list each provision where there's some differential treatment," "that would be another avenue to get to the same result."); *id.* at 12:22–24 ("[W]e're more concerned about the effects of the definitions rather than just the definitions themselves."). Finally, the Defendants do not even *try* to identify any practical difference between the relief sought in the complaint and the relief provided by the Court's injunction. The Plaintiff won a complete victory and "should therefore be fully compensated for its legal expenses." *Rum Creek*, 31 F.3d at 175 (cleaned up).[1]

## II.     The Defendants' time and expense quibbles are meritless.

As previously explained, "trial courts need not, and indeed should not, become green-eyeshade accountants" when assessing fees under § 1988: "[t]he essential goal in shifting fees" "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *id.* ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Notwithstanding this instruction, the Defendants demand various minor reductions in time or expenses. All their demands are meritless.

First, the Defendants complain that "time entries [that] occurred after the entry of the Court's order" "are not compensable." Response 5. Defendants attack time spent "research[ing] and drafting" "the Fee Motion." *Id.* But "[f]ees for the preparation of a motion for attorneys' fees

---

[1] The Defendants' umpteenth assertion that the Plaintiff "voluntarily" "incurred legal fees" (Response 3) remains bizarre: *every* § 1983 plaintiff "voluntarily" brings a judicial action rather than trying to convince a government entity to fix a legal problem created by that entity. *See also* Seanna Adcox, *SC Freedom Caucus ramps up party feud*, Post & Courier (Feb. 28, 2023), https://tinyurl.com/2p97pdmp (Defendant Jordan: "If they think they have grounds, that's what a lawsuit is for.").

3

are properly compensable in a § 1988 fee award." *Summers*, 2010 WL 2179571, at *3; *see Mercer v. Duke Univ.*, 401 F.3d 199, 202 n.3 (4th Cir. 2005) ("[I]t is well settled that the time spent defending entitlement to attorney's fees is properly compensable under § 1988." (quoting *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995))). Such time necessarily happens after judgment is entered.

Defendants also attack time spent after the judgment on "remedial issues," Response 5, ignoring that the Defendants immediately telegraphed that they would likely be seeking further review. Shortly after this Court's judgment, the Defendants held an emergency (public) session attended by the Defendants' counsel that focused on a potential motion for reconsideration—reasonably leading the Plaintiff's counsel to begin researching their publicly-articulated arguments. *See* House Legislative Ethics Committee Meeting on Campaign Fundraising Lawsuit, at 51.30 (June 19, 2023), *available at* https://www.scstatehouse.gov/video/archives.php?key=13452 (Defendants' counsel: "[T]here are sub-issues such as severability, the remedies, which could be potential areas for a motion to reconsider."); *see id.* at 1:08.38 (Defendant Jordan emphasizing options for further review, including "ask for a reconsideration").

In any event, the research at issue would have happened before final judgment, since the Defendants have indeed moved to alter or amend the judgment, and the research conducted will be relevant to the Plaintiff's response to that motion. *See* Supplemental Declaration of Christopher Mills ¶ 2. The Defendants' only cited authority—involving "matters on which the plaintiffs did not prevail" "or activities which were unrelated to the litigation" (Response 5)—is irrelevant.

Next, the Defendants fuss about "the expenses for serving the defendants," asserting that "Plaintiff's counsel is aware that the House of Representatives has a general counsel who could have (and would have) accepted service on behalf of House members." Response 5. Au contraire,

4

Plaintiff's counsel is assuredly *not* aware of how the General Assembly handles service of process and had no reason to direct service to the counsel for a body that is not the defendant in this lawsuit. And the Defendants' claim could scarcely be more ironic: after the Plaintiff hand-served the House Legislative Ethics Committee's Chief Legal Counsel with individual copies of the summons and complaint—in accordance with the Federal Rules of Civil Procedure—the Defendants' counsel called the Plaintiff's counsel and threatened to contest service if the Plaintiff did not consent to an extension of time to respond to the complaint. As the Plaintiff's counsel conveyed, such a threat was unnecessary, given that the Plaintiff's counsel tries to agree to such extensions as a matter of routine. Supp. Mills Decl. ¶ 3. At any rate, it is incongruous for the Defendants to now claim that the Plaintiff's counsel should have known to informally serve the counsel for a different entity. The Plaintiff cannot be faulted for following the letter of the Federal Rules.

The Defendants' next quibble is that "the two motions for admission *pro hac vice* were unnecessary." Response 5–6. The Defendants seem to think that because the "Plaintiff is not seeking fees for these two attorneys," they "were unnecessary." *Id.* at 6. But the Plaintiff is entitled to its choice of counsel, those two attorneys appeared on all the papers filed, and as already explained, these counsel "provided litigation direction, oversight, and input." ECF No. 42-1, at 6. As another court in this District recently explained, no rule bars the use of multiple counsel: "There is no per se rule the Court is aware of that sets forth the maximum number of attorneys one should have participating in trials, depositions, or other case-related matter[s]. On some tasks, such as legal research and trial preparation, billing by multiple attorneys is both common and expected." *Gifford v. Horry Cnty. Police Dep't*, No. 4:16-cv-03136-MGL, 2023 WL 2696575, at *6 (D.S.C. Mar. 29, 2023), *appeal filed*, No. 23-1471 (4th Cir. May 1, 2023). Yet rather than thank the Plaintiff for not seeking fees for those attorneys—and only seeking fees for a single attorney, far

5

from the norm in constitutional cases[2]—the Defendants would hold that generosity against the Plaintiff. That makes no sense. *See Summers*, 2010 WL 2179571, at *3 ("The court also considers Plaintiffs' decision not to seek recovery of fees for" several counsel "as an additional indication of the reasonableness of the recovery sought."). The *pro hac vice* fees (and 0.6 hours of work) are compensable.

Finally, the Defendants suggest that the overall fees could have been lower if some work had "been completed by a paralegal, assistant, or an associate at a lower rate." Response 6; *id.* ("[R]esearch and drafting could have been aided or substantially accomplished by an associate attorney at a lower market rate."). The short answer: hogwash. The Plaintiff's counsel is well-acquainted with this model of large law firm practice, in which a junior associate expends many hours on unguided legal research then drafts a document that must be substantially rewritten by a more senior attorney (and sometimes another) who could have completed both projects in a fraction of the total time. Sure, the associate's rate is lower than the partner's (though probably not much lower than the Plaintiff's counsel's rate). But is the overall fee lower? Not a chance. Such leverage is how large law firms make money. But it does not make for cost-effective litigation, at least when it comes to specialized constitutional cases like this one.

The longer answer is that the Court has uncontested declarations from two attorneys at firms attesting, after review of the fee application, that (1) "the time spent by Mr. Mills on this case is well within—if not below—the typical time that would be spent on a case of similar complexity and length, especially since Mr. Mills has eliminated redundancies and multiple layers

---

[2] *E.g.*, *Condon v. Wilson*, No. 2:14-cv-4010-RMG, 2015 WL 12862712, at *3 (D.S.C. Aug. 10, 2015) (six attorneys); *Perry v. Bartlett*, No. 2:98-cv-43-BR(2), ECF No. 62 (E.D.N.C. July 27, 1999) (Mills Decl., Ex. 4, ECF No. 42-2, at 23) (three law firms and ten attorneys); *Se. Booksellers Ass'n v. McMaster*, No. 2:02-3747-23, ECF No. 90, at 14–19 (D.S.C. Sept. 8, 2005) (Mills Decl., Ex. 6, ECF No. 42-2, at 38) (nine attorneys).

of attorney review," Declaration of Richard S. Dukes, Jr. (ECF No. 42-4) ¶ 6, and (2) Mr. Mills's rate "is conservative for the South Carolina market for work of this type," Declaration of Miles Coleman (ECF No. 42-3) ¶ 5; *see* Dukes Decl. ¶ 5. The Defendants neither address these declarations nor present evidence to the contrary. The Plaintiff's fees would have been considerably higher had "an associate attorney" "substantially" tried to "accomplish[]" the "research and drafting" in this case (Response 6), because such an associate would not have had the background knowledge and experience of the Plaintiff's counsel. *See* Declaration of Christopher Mills (ECF No. 42-2) ¶ 8. The Plaintiff's counsel's routine "editing" (Response 6) is performed instantaneously via computer software. *See* Supp. Mills Decl. ¶ 4. And though the Defendants say that "filing" "and related preparation" could have been done by a paralegal (Response 6), the Plaintiff's counsel already attested that such an employee would increase his firm's overhead (Mills Decl. ¶ 9)—and thus his own hourly rate. In other words, and putting aside that an ECF filing takes about three minutes, the cost reduction from the Plaintiff's counsel doing it himself is already baked into his reduced hourly rate—which is "typical" of the rate the Plaintiff's counsel ordinarily "charge[s] and receive[s] in public law cases like this one" (*id.* ¶ 6)—so to reduce any rate further would be improper. Unnecessary overstaffing would have *increased* the fees. The Plaintiff's fees and expenses are reasonable.

## CONCLUSION

For these reasons, the Plaintiff's motion for attorney's fees and expenses should be granted in full. The Plaintiff agrees with the Defendants that it would be appropriate to defer ruling on the fee motion until the Court resolves the Defendants' pending motion to alter or amend, and the Plaintiff requests the opportunity to supplement the fees and expenses reflected in its application

7

with all additional fees and expenses incurred preparing this reply and litigating the Defendants' motion to alter or amend (and anything else the Defendants may file).

          Respectfully submitted,

          /s/ Christopher Mills

| | |
|---|---|
| Gene P. Hamilton (*pro hac vice*) | Christopher Mills (Fed. Bar No. 13432) |
| Reed D. Rubinstein (*pro hac vice*) | SPERO LAW LLC |
| AMERICA FIRST LEGAL FOUNDATION | 557 East Bay St. #22251 |
| 611 Pennsylvania Ave. S.E. #231 | Charleston, SC 29413 |
| Washington, DC 20003 | Tel: (843) 606-0640 |
| Tel: (202) 964-3721 | cmills@spero.law |
| reed.rubinstein@aflegal.org | |

          *Counsel for Plaintiff*

July 18, 2023

8