IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| South Carolina Freedom Caucus,<br><br>                Plaintiff,<br>vs.<br><br>Wallace H. Jordan, Jr.; David Weeks; Beth E. Bernstein; Paula Rawl Calhoon; Micajah P. Caskey, IV; Neal A. Collins; John Richard C. King; Robby Robbins; J. Todd Rutherford; and Leonidas E. Stavrinakis, *in their official capacities as members of the House of Representatives Legislative Ethics Committee*,<br><br>                Defendants. | Civil Action No. 3:23-cv-795-CMC<br><br>**ORDER DENYING**<br>**MOTION TO ALTER OR AMEND**<br>**AND GRANTING IN PART MOTION**<br>**FOR CLARIFICATION (ECF No. 43)** |

       This matter is before the court on Defendants' motion to alter or amend the summary judgment Order, or, in the alternative, for clarification. ECF No. 43. The challenged Order granted summary judgment for Plaintiff South Carolina Freedom Caucus, invalidating certain challenged sections of Act 344, the 2006 amendments to the 1991 Ethics Reform Act.[1] ECF No. 40. Defendants, members of the South Carolina House of Representatives Legislative Ethics Committee, request the court alter or amend the Order under Federal Rule of Civil Procedure 59, or grant relief from it under Rule 60(b). In the alternative, Defendants seek clarification regarding the impact of the Order.

---

[1] Act 344 created legislative special interest caucuses. S.C. Code Ann. § 2-17-10(21).

# BACKGROUND

Plaintiff South Carolina Freedom Caucus ("Freedom Caucus") is a legislative special interest caucus comprised of members of the South Carolina House of Representatives. As a legislative special interest caucus, the Freedom Caucus was subject to certain speech limitations as well as limitations on contributions, funds from lobbyists, and things of value given, under South Carolina law. GENERAL ASSEMBLY, 2006 South Carolina Laws Act 344 (H.B. 3402). Because of those limitations, the Freedom Caucus filed suit, alleging violations of its First Amendment right to freedom of speech, as well as discrimination for being treated differently than legislative caucuses.

The court granted summary judgment and permanently enjoined enforcement of certain provisions in the challenged statutes, as follows:

1. The portion of S.C. Code Ann. § 2-17-10(21) stating "under no circumstances may a legislative special interest caucus engage in any activity that would influence the outcome of an election or ballot measure" violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and is therefore unenforceable;

2. Subsection (J) of S.C. Code Ann. § 2-17-110 stating, "(J) A lobbyist, a lobbyist's principal, or a person acting on behalf of a lobbyist or a lobbyist's principal shall not offer or provide contributions or any other type of funds or financial assistance to a legislative special interest caucus as defined in Section 2-17-10(21)," violates the First Amendment to the United States Constitution to the

extent it differs from statutes and rules applicable to what legislative caucuses as defined in § 2-17-10(11) may accept from lobbyist's principals; and

3. Those provisions of S.C. Code Ann. § 8-13-1333(C) stating

> (C)(1) A legislative special interest caucus must not solicit contributions as defined in Section 8-13-100(9);
>
> Under no circumstances may a legislative special interest caucus accept funds from a lobbyist;
>
> It must also maintain the following records, for not less than four years, which must be available to the appropriate supervisory office for inspection:
> (b) the name and address of each person or entity making a donation and the amount and date of receipt of each donation;
>
> (C)(2) A legislative special interest caucus may not accept a gift, loan, or anything of value, except for funds permitted in subsection (C)(1) above,

violate the First Amendment to the United States Constitution and are unenforceable to the extent they differ from statutes and rules applicable to legislative caucuses as defined in § 2-17-10(11).

Defendants seek, through the instant motion, to have the court invalidate the entirety of Act 344, abolishing legislative special interest caucuses.[2] ECF No. 43. In the alternative, Defendants request the court clarify its prior Order, as they believe it is "unclear whether special interest legislative caucuses are subject to the same limitations on receiving and giving

---

[2] Such a remedy would raise constitutional concerns, leaving in place only legislative caucuses limited to those organized around party, racial or ethnic affinity, or gender, pursuant to S.C. Code Ann. § 2-17-10(11).

3

contributions as legislative caucus committees." *Id.* at 7-8.[3]  Plaintiff filed a response in opposition, arguing Defendants' "complaints are not the proper subject of a motion to alter, amend, or clarify." ECF No. 46 at 3. It further notes Defendants do not explain what they want corrected or clarified in the court's previous Order. *Id.* at 4. Defendants filed a reply, arguing the Ethics Committee "is faced [with] enforcing an arguably ambiguous law, which the Ethics Committee alone cannot amend or rewrite." ECF No. 47 at 2.

## STANDARD

**Rule 59.**  The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.  Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does

---

[3] South Carolina law defines a "legislative caucus" as "(a) a committee of either house of the General Assembly controlled by the caucus of a political party or a caucus based on racial or ethnic affinity, or gender;" or "(b) a party or group of either house of the General Assembly based on racial or ethnic affinity, or gender." S.C. Code Ann. § 2-17-10(11).

4

not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

**Rule 60(b)**. Fed. R. Civ. P. 60(b) allows for relief from judgment or order for various reasons. As an initial matter, a party must demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once this threshold inquiry is satisfied, the party seeking relief must satisfy one of the six sections of Rule 60(b), which include "mistake, inadvertence, surprise, or excusable neglect," under (b)(1); newly discovered evidence ((b)(2)); fraud ((b)(3)); a void judgment ((b)(4)); the judgment is satisfied, released, or discharged, or based on an earlier judgment that has been reversed or vacated ((b)(5)); or any other reason that justifies relief under (b)(6). "While the catchall reason [in (b)(6)] includes few textual limitations, its context requires that it may be invoked in only '**extraordinary** circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (emphasis added). Courts have found "excusable neglect may involve legal error," and have granted relief under Rule 60(b)(1) based on "judicial inadvertence." *Kemp v. United States*, __ U.S. __, 142 S. Ct. 1856, 1863 (2022).

**DISCUSSION**

Defendants' motion seeks to have the court strike the entirety of Act 344, the 2006 amendments to the 1991 Ethics Reform Act, that includes the provisions challenged by Plaintiff and declared unconstitutional by the court.[4] They assert there is no severability clause in Act 344 that would allow the Act to stand without the stricken sections, and concede that striking Act 344 would eliminate legislative special interest caucuses altogether.[5] Defendants argue this would be in line with legislative intent, as the Legislature did not intend to form legislative special interest caucuses without the restrictions now declared unconstitutional. In the alternative, Defendants seek clarification, claiming confusion could result from the Order because it leaves "substantial uncertainty as to the prospective application and enforcement of the Ethics Act." *Id.* at 6.

1. **Motion under Rules 59(e) or 60(b)**

For their argument that the court should alter or amend its previous Order under Rule 59(e), Defendants rely on a purported error of law and seek alteration to prevent manifest injustice. However, they do not identify the error of law or manifest injustice that would result from the Order. Similarly, for Rule 60(b), Defendants imply their request is based on judicial inadvertence, but do not specify the inadvertence. Therefore, as to the vague assertions of error of law, manifest

---

[4] Defendants note while they do not challenge the unconstitutionality findings in this motion, they do not concede any portion of Act 344 is unconstitutional. ECF No. 43 at 2 n.2.

[5] The court notes this would also abolish the 14 other legislative special interest caucuses, who are not parties to this case and have not had the opportunity to be heard.

6

injustice, or judicial inadvertence, the court finds Defendants do not meet the standards of either Rule 59 or 60(b).

To the extent the error of law, manifest injustice, or judicial inadvertence could be interpreted to address Defendants' previously raised argument regarding severability, the court notes Plaintiff has now pointed to a severability clause in the 1991 Ethics Reform Act. That clause states:

> If any provision of this act or the application thereof to any person is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application and to this end the provisions of this act are severable.

Ethics, Government Accountability, and Campaign Reform Act § 7, 1991 South Carolina Laws 1st Sp. Sess. Act 248 (H.B. 3743), https://www.scstatehouse.gov/sess109_1991-1992/bills/3743.htm. Because Act 344 contained 2006 amendments to the 1991 Ethics Reform Act, Plaintiff contends the severability clause applies to its provisions. *See State ex rel. Carter v. State,* 481 S.E.2d 429, 431 (S.C. 1997) ("Under South Carolina law, an amended statute should be construed "as if the original statute had been repealed, and a new and independent Act in the amended form adopted."); *Windham v. Pace*, 6 S.E.2d 270, 276 (S.C. 1939) ("[T]he amendment becomes a part of the original statute, as if it had always been contained therein.").

Although the severability clause was not codified, it is strong evidence of legislative intent that if certain sections of the Act are no longer enforceable, that should not affect other provisions

7

of the Act which can be given effect without the invalid provisions.[6] South Carolina courts have applied uncodified severability clauses as "strong support" of legislative intent for severability. *See Pinckney v. Peeler,* 862 S.E.2d 906, 915 (S.C. 2021); *Joytime Distribs. And Amusement Co. v. State*, 528 S.E.2d 647, 655 (S.C. 1999). The presence of the severability clause further supports the court's striking of certain sections of Act 344 while leaving the balance of the statute, not determined to be unconstitutional, up to the legislative process.[7]

In addition, Defendants do not meet the standards for a motion under Rules 59 or 60(b) on the ground of invalidation of Act 344. Defendants in fact raised their argument regarding invalidation of the entire Act 344 in the briefing on summary judgment, and the court ruled against them. Rule 59 may not be used to raise an argument that has already been raised, merely because a party disagrees with the court's ruling. Neither is this a case for "extraordinary" or "exceptional" relief under Rule 60(b) when South Carolina law supports severing invalid provisions rather than invalidation of the entirety of Act 344. The motion under Rules 59 and 60(b) is therefore denied.

### 2. Request for Clarification

Defendants also seek clarification of the Order. They acknowledge the Federal Rules of Civil Procedure do not provide for such a motion, but cite out-of-district cases allowing one. The Fourth Circuit has held a district court may not have jurisdiction over a motion for clarification if

---

[6] None of the many amendments to the 1991 Act have altered or removed the severability clause.

[7] The court acknowledges the original Order on summary judgment did not include this severability clause, as it had not been brought to the court's attention. However, no amendment to the conclusions of that Order is necessary, as the court declines to strike the entirety of Act 344.

it does not fit within the confines of Rule 59 or Rule 60(b). *CNF Constructors v. Donohoe Const. Co.*, 57 F.3d 395, 400 (4th Cir. 1995). A number of courts have interpreted a motion for clarification as a Rule 60(b) motion. *See id.*, *Napoli v. Town of New Windsor*, 600 F.3d 168, 170 (2d Cir. 2010); *In re Walter*, 282 F.3d 434, 439 (6th Cir. 2002); *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011).

To the extent the request for clarification can be interpreted as one brought under Rules 59 or 60(b), the court believes the previous Order was sufficiently clear. As Plaintiff acknowledges, legislative special interest caucuses will, unless or until such time as the Legislature amends the statute, be subject to the limitations currently imposed on legislative caucuses. Defendants, however, assert "the Order does not specify any limitations on contributions, funds from lobbyists, or things of value given to legislative special interest groups. Legislative caucuses are still limited in these respects." ECF No. 43 at 14. The court confirms Plaintiff's understanding: that legislative special interest caucuses are subject to the same limitations as legislative caucuses with regard to elections and ballot measures, contributions, funds from lobbyists, things of value given, and records that must be maintained. The court therefore grants this limited clarification.[8]

---

[8] Defendants point out one instance of an inadvertent typographical error in the summary judgment Order. They are correct that on page 16, footnote 7 of the Order, the Ethics Commission was referenced instead of the Ethics Committee. ECF No. 40 at 16 n.7 (quoting ECF No. 29-2 at ¶ 5). The quote should read "Among the responsibilities of the Ethics Committee is to ensure orderly elections."

As to Defendant's remaining concerns, they assert legislative caucuses are restricted in number, so contributions are limited.[9] They contend an unlimited number of legislative special interest caucuses could form around a common goal and raise $3,500 per person per caucus, resulting in limitless contributions. While a statute provides "each house may establish only one committee for political, racial, ethnic, or gender-based affinity" (S.C. Code Ann. § 8-13-1300(21), in practice this has not been enforced. There are currently eight legislative caucuses: House Republican Caucus Committee, Senate Republican Caucus Committee, House Democratic Caucus Committee, Senate Democratic Caucus Committee, Legislative Black Caucus Committee, the SC General Assembly Women's Caucus, House Republican Women's Caucus, and the House Democratic Women's Caucus. Caucuses of other races or ethic affinities, sexes, or other parties may form. There are three Women's Caucuses already, and presumably the members may overlap. Regardless, the concern regarding unlimited contributions via having multiple caucuses with common goals is not unique to legislative special interest caucuses but already exists for legislative caucuses, and is a matter to be remedied by the Legislature.

Defendants also contend the House Ethics Committee does not have jurisdiction over enforcement actions arising in the Senate, and therefore the Order could create unequal enforcement of the challenged statutes between the Houses of the Legislature. The court cannot

---

[9] S.C. Code Ann. § 8-13-1322 limits contributions by persons to committees to $3,500 per year. Legislative caucus committees are included in the definition of "committee" under the Ethics Act. S.C. Code Ann. § 8-13-1300(6).

10

adjudicate controversies or restrict parties not before it, and this case involved only House members. However, the court has found the challenged provisions unconstitutional.

## CONCLUSION

For the reasons above, Defendants' motion to alter or amend the summary judgment Order is denied, but the motion in the alternative, to clarify, is granted in part.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 17, 2023