IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| South Carolina Freedom Caucus,<br><br>              Plaintiff,<br>   vs.<br><br>Wallace H. Jordan, Jr.; David Weeks; Beth E. Bernstein; Paula Rawl Calhoon; Micajah P. Caskey, IV; Neal A. Collins; John Richard C. King; Robby Robbins; J. Todd Rutherford; and Leonidas E. Stavrinakis, *in their official capacities as members of the House of Representatives Legislative Ethics Committee*,<br><br>              Defendants. | C/A No. 3:23-cv-795-CMC<br><br>Order Granting<br>Motion for Attorney's Fees and Costs |

This matter is before the court on motion of Plaintiff South Carolina Freedom Caucus ("Plaintiff") for Attorney's Fees and Costs. ECF No. 42. Plaintiff initially argued it should be awarded attorney's fees in the amount of $57,031 and $1,882.57 in expenses pursuant to 42 U.S.C. § 1988 as the prevailing party. *Id.* Defendant members of the House of Representative Legislative Ethics Committee filed a response, and Plaintiff replied. ECF Nos. 44, 45. Plaintiff later filed two supplements. ECF Nos. 48, 49. After additional work spent on Defendants' motion to alter or amend and the motion for attorney's fees, Plaintiff now requests fees in the amount of $77,203 and costs of $1,928.47, for a total of $79,131.47. For the reasons below, Plaintiff's motion for fees and costs is granted in the amount of $76,957 in attorney's fees and $1,927.47 in costs.

**BACKGROUND**

Plaintiff South Carolina Freedom Caucus is a legislative special interest caucus comprised of members of the South Carolina House of Representatives. As a legislative special interest

caucus, the Freedom Caucus was subject to certain speech limitations as well as limitations on donations, solicitations, accepting gifts, and expenses under South Carolina law. GENERAL ASSEMBLY, 2006 South Carolina Laws Act 344 (H.B. 3402). Because of those limitations, the Freedom Caucus filed suit, alleging violations of the First and Fourteenth Amendments. The court granted summary judgment for Plaintiff on all counts and permanently enjoined enforcement of challenged provisions of three statutes. ECF No. 40. Defendants then filed a motion to alter or amend the judgment or, in the alternative, for clarification. The court denied the motion to alter or amend but granted limited clarification. ECF Nos. 43 (motion), 50 (order).

Plaintiff now seeks an award of attorney's fees and costs comprised of $77,203 in fees and $1,928.47 in costs, for a total of $79,131.47. ECF No. 48. It attaches Declarations from counsel Mills regarding his fees and costs including an itemized spreadsheet, and from attorneys Coleman and Dukes regarding comparable fees. ECF Nos. 42-2- 42-4; 48-1. Defendants filed a response, contending Plaintiff did not achieve a fully successful result, and not all time entries and expenses are compensable. ECF No. 44. They also requested the court defer a decision on fees until after their motion to alter or amend was decided, which the court has done. Plaintiff filed a reply, noting it "achieved a complete victory," Defendants' "quibbles" with certain fees and expenses are unfounded, and the motion should be granted in full. ECF No. 45. Plaintiff also filed two supplements, one requesting additional fees and expenses (included in the total above) incurred in responding to Defendants' motion to alter or amend, and the other delineating Defendants' attorney's fees for the same time period, which Plaintiff asserts show his request is reasonable. ECF Nos. 48, 49.

**STANDARD**

42 U.S.C. § 1988 provides the court with discretion to award attorney's fees to the prevailing party in a case brought pursuant to 42 U.S.C. § 1983. More specifically, a party has prevailed if there has been a "material alteration of the legal relationship of the parties," and there is a "judicial imprimatur on the change." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). A plaintiff who has obtained a favorable judgment on the merits is the classic example of a prevailing party. *Grabarczyk v. Stein*, 32 F.4th 301, 306 (4th Cir. 2022). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also Brandon v. Guilford Cnty. Bd. of Elections,* 921 F.3d 194, 198 (4th Cir. 2019). Courts have recognized the "special circumstances exception is very narrowly limited." *Lefemine v. Wideman*, 758 F.3d 551, 555 (4th Cir. 2014).

The proper calculation of an attorney's fee award is a three-step process. *McAfee,* 738 F.3d at 88. First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* (citing *Robinson v. Equifax Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). To ascertain what is reasonable in terms of hours expended and the rate charged, the court must apply the following factors: the time and labor required; the novelty and difficulty of the questions; the skill required to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Id.* (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978). Next, the court

3

must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. *McAfee*, 738 F.3d at 88. Finally, the court should award some percentage of the remaining amount, depending on the degree of success the plaintiff achieved. *Id.* There is a "strong presumption" that the lodestar number represents a reasonable attorney's fee, that may be overcome "in those rare circumstances" when the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Id.* (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

**DISCUSSION**

1. *Plaintiff is a Prevailing Party*

Plaintiff is the prevailing party here, and Defendants do not dispute that fact.[1] The court granted summary judgment in favor of Plaintiff on all three counts, and issued a permanent injunction against enforcement of the challenged statutes. The court's decision "materially alters the legal relationship between the parties" in favor of Plaintiff. *McAfee*, 738 F.3d at 88. Accordingly, Plaintiff is the prevailing party and thus the court may, in its discretion, award attorney's fees.

2. *Fees Sought*

In this case, Plaintiff seeks fees of $77,203 and costs of $1,928.47, pursuant to § 1988, which allows for fees and costs to be assessed against a non-prevailing party in a § 1983 claim. As noted above, Declarations regarding the fees and costs are attached to the motion and supplements. Therefore, the fee petition provides adequate support for the rates claimed. The court

---

[1] Although Defendants contend Plaintiff did not prevail on all arguments, they concede the court granted summary judgment to Plaintiff on all causes of action. ECF No. 44 at 3.

4

has formulated the lodestar value for Attorney Mills as follows: 187.7 hours at a rate of $410 per hour, for a total lodestar for attorney time of $76,957.[2]

The court has considered the factors set forth in *Barber* to determine if the lodestar amount is reasonable. First, the court finds the time and labor expended by Attorney Mills to be reasonable. Plaintiff is not seeking fees for the work of two attorneys admitted *pro hac vice* in the case, but seeks fees only for Attorney Mills' time. ECF No. 42-1. Mills submitted a detailed accounting of his time spent on the matter, including the hours spent on each task. The time spent was applicable to matters on which Plaintiff prevailed.

Attorney Mills has a favorable reputation for First Amendment cases, and significant experience and ability to pursue them due to his extensive background in constitutional litigation. He graduated from Harvard Law School, *magna cum laude*, and was the Senior Editor of Harvard Law Review. He then clerked for the Honorable David Sentelle on the United States Court of Appeals for the District of Columbia Circuit and the Honorable Clarence Thomas of the United States Supreme Court. He has approximately 10 years' experience in private practice and is an adjunct professor at Charleston School of Law.

No precedent appears to have dealt with a legal scheme exactly like the one at issue here, and neither the briefing nor the court's research revealed cases concerning special interest caucuses limited by legislative bodies in other jurisdictions. Although the questions at hand were novel, they were related to other constitutional questions, and required skill to utilize existing case law as

---

[2]Although Plaintiff contends the full amount of fees sought is $77,203, that figure includes a mathematical error in Plaintiff's supplemental motion. ECF No. 48. That motion seeks fees for an additional 48.6 hours, on top of the 139.1 hours sought in the original motion. 139.1+48.6 equals 187.7 hours. 187.7 hours times the hourly rate of $410 equals $76,957, not $77,203.

applied to this unique situation. Attorney Mills was required to move quickly on this case, as his clients believed their constitutional rights were being violated, and he achieved success early in the case.

The court has reviewed the customary fee for like work in this area, and determined the requested hourly rate of $410 to be reasonable. The Fourth Circuit has approved hourly rates of South Carolina attorneys in civil litigation of $425 for lead counsel and $480 for co-counsel with national experience and reputation. *Doe v. Kidd,* 656 F. App'x 643, 653-54 (4th Cir. 2016). In fact, that court reversed the district court for attempting to impose reduced rates of $280 and $450, respectively. *Id.* Mills is a solo practitioner who provided Declarations showing the amount requested is reasonable based on the type of practice and location. The rate requested here, therefore, is within the approved rates and is reasonable.

Finally, Plaintiff was successful in its claims. Plaintiff is correct it received "excellent results" and prevailed on all claims. ECF No. 45 at 4. Defendants contend Plaintiff did not prevail on all arguments; however, the court disagrees. The court granted summary judgment on all three claims brought by Plaintiff. ECF No. 40.

Defendants argue not all hours claimed are compensable. First, they assert the hours spent after the court issued its summary judgment order, 31.3 hours (presumably plus the 48.6 hours in Plaintiff's supplemental submission, filed after Defendants' response), should not be awarded because they represent work completed after relief was granted. ECF No. 44 at 5. However, in the case they cite, the court denied fees for hours that "involved either matters on which the plaintiffs did not prevail . . . or activities which were unrelated to the litigation." *Tobin v. Town of North Beach*, No. 87-2560, 1989 WL 2137, at *1 (4th Cir. March 6, 1989). In this case, hours expended after the summary judgment ruling were necessitated by Defendants' filing of a motion to alter or

amend the judgment, which is clearly related to the litigation.[3] In addition, time spent on an attorney's fees motion is properly compensable under § 1988. *Mercer v. Duke Univ.,* 401 F.3d 199, 202 n.3 (4th Cir. 2005) (awarding attorney's fees including those incurred in litigating the question of fees, and noting "It is well settled that the time spent defending entitlement to attorney's fees is properly compensable under § 1988.").

Second, Defendants contend expenses for serving Defendants and those related to the motions for admission *pro hac vice* were unnecessary, because the House of Representatives' General Counsel would have accepted service for all Defendants, and the *pro hac* attorneys did not appear or file motions. ECF No. 44 at 5-6. They request this time (0.5 hours and $530 in expenses for service, and 0.6 hours and $700 in fees for *pro hac* admissions) be stricken. Plaintiff explains he was uncertain whether the General Counsel would accept service of process for individual members of the House Ethics Committee, and so followed the Federal Rules of Civil Procedure "to the letter." ECF No. 45 at 7. As to the *pro hac vice* attorneys, Plaintiff asserts the two attorneys appeared on all papers filed, and provided "litigation direction, oversight, and input." *Id.* It notes it is entitled to its choice in counsel, and courts have awarded fees for multiple counsel, though no such fees are sought here.

The court declines to reduce fees or expenses for service or *pro hac vice* admissions. It will not penalize Plaintiff for service on the Defendants in accordance with the Federal Rules of Civil Procedure.

---

[3] They also assert time for "unidentified remedial issues" is not compensable. Plaintiff explained in its reply the "remedial issues" included counsel's attendance at an emergency public session of the Ethics Committee discussing the potential for a reconsideration motion, and research on those issues identified. ECF No. 45 at 6.

Third, Defendants argue Plaintiff's counsel should have employed an assistant or paralegal to do certain work, including filing, editing, and related preparation, at a lower hourly rate. ECF No. 44 at 6. They submit certain time entries (that are not specifically identified) should only be compensated at a market rate for paralegals or legal assistants. Further, they assert research and drafting could have been substantially accomplished by an associate attorney at a lower market rate. *Id.* Plaintiff contends the associate attorney model would have resulted in more fees, because the initially drafted documents would have to be edited and rewritten by a more senior attorney, who also would have charged time. ECF No. 45 at 8. He notes his fees are reasonable as to time spent and hourly rate, and he has Declarations to support this. He also asserts his overhead, and thus hourly rate, would increase if he employed a legal assistant or paralegal, so overall his fees are lower because he does not. *Id.* at 9.[4]

The court declines to reduce fees based on speculative arguments that an associate attorney could have completed drafting of motions and briefs more quickly. Further, the court will not second guess Plaintiff's counsel's business model in the name of reducing fees. Attorney Mills has determined he is able to keep his hourly rate lower by reducing his overhead, which includes not employing an assistant or paralegal. In reviewing the fees requested, the court sees no administrative tasks other than filing of motions and briefs, which appears minimal.

Based on the above, the court finds an award of $76,957 in attorneys' fees to be reasonable and appropriately tailored. Although Plaintiff's calculations included a slight mathematical error, the court has corrected the fee amount. Accordingly, the court awards fees of $76,957 to Plaintiff.

---

[4] Plaintiff obtained documentation through a Freedom of Information Act request showing Defendants' counsel charged a total of $126,691.85 in this case through June 30, 2023. ECF No. 49.

Plaintiff also seeks costs in the amount of $1,927.47 for court filing fees, printing costs, service, hearing mileage, and transcription fees. ECF Nos. 42-2, 48-1 at 6. Section 1988 allows for recovery of costs, and under Fed. R. Civ. P. 54(d)(1), '[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The items for which Plaintiff seeks costs are proper. Therefore, $1,927.47 in costs is hereby awarded to Plaintiff.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion for attorney's fees and costs and finds that Plaintiff is entitled to attorney's fees in the amount of $76,957, and costs in the amount of $1,927.47. The amount awarded shall be paid within sixty (60) days of the entry of this Order.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 22, 2023